## THE PEOPLE *ex rel.* WESTBROOK *v.* ROSBOROUGH.

THE period of the tenure of a County Judge is fixed by the Constitution, at four years. The Legislature may fix the commencement of the term, as, also, the time of election.

Where an Act organizing a county, provides for the election of a County Judge, and limits the period of tenure to two years, the Act is void, *pro tanto*, but the election held under the Act is good, and entitles the incumbent to the office for four years.

If the incumbent resigns before the expiration of his term, there is a vacancy to be filled by the Governor. His appointee would hold until the next general election, or at most, until the qualification of the person elected by the people.

An election to fill such vacancy is a special election, and the Governor's proclamation is essential to its validity.

Where an appointee of the Governor, to fill a vacancy in a judicial office, holds the office for several years, because of no valid election by the people of his successor, his acts are as binding and effectual as to third persons as though he held the office by strict law.

APPEAL from the Ninth District.

Respondent had judgment. Relator appeals.

The Governor's proclamation embraced State officers, but said nothing about a County Judge for Siskiyou County. It called the attention of County Judges to the 4th Section of an Act entitled "An Act to regulate Elections," passed March 23, 1850, as stated in the opinion.

Upon the 10th of August, 1823, the relator, Westbrook, as County Judge, issued a notice that a general election would be held throughout the county, on the first Wednesday of September, A. D. 1853, for the purpose of electing certain officers, as County Attorney, Clerk, Sheriff, Coroner, Public Administrator, Assessor, Treasurer, Surveyor, Justices, Constables, and a County Judge.

*P. L. Edwards,* for Appellant.

I.   The election of the Respondent, in 1855, was void. The Judge elected under the organic Act had resigned. The relator had been appointed to fill the vacancy until after the next general election, and had also been duly elected at that election. He had duly qualified, and was then in the office exercising its powers and duties. For the election of a County Judge in 1855, there was no order or proclamation, nor was there the pretense of a vacancy; for the relator was then in the office, and so continued until the 12th day of May following, when he resigned— and not until after that resignation did the Respondent intrude himself upon the office.

But, even if there had been a vacancy, it was not one falling after the lapse of a full term of four years. The full term of the first incumbent would not have expired until 1856, and that of the relator, from the date of his election, would not have expired until 1857. There could, therefore, have been none other than a special election for County Judge, at the time when the Respondent claims to have been elected. (*People* v. *Porter,* 6 Cal. 26; *People* v. *Weller,* 11 Id. 49; *People* v. *Colton,* 6 Id. 84.)

II.   The election of the relator, in 1857, was at a general election, when a vacancy in the office occurred by a lapse of the full constitutional term. Whether the first incumbent could have held for four years is unimportant, for he resigned in 1853, leaving a vacancy, to be filled first by executive appointment, and then by election. Proclamation for this election was made

Westbrook v. Rosborough.

by the Governor and County Judge, in the usual manner, and in substantial conformity with the law. (Constitution, Art. 5, Sec. 8; Wood's Dig. 561, Art. 2882; Constitution, Art. 6, Sec. 8.) But whether this position be correct or not, the proclamation and notice of the Governor and relator, and other facts in the case, are conclusive of notice in fact to the electors. The particular designation made by the County Judge, in conformity with the proclamation of the Governor, was equivalent to a designation made by the latter himself.

The County Judge had the constitutional power to give the notice. He was required to perform such other duties as should be required of him by law. (Const. Art. 6, Sec. 8.)

This case differs from that of The People v. Porter. In the latter case, the electors sought to fill a vacancy made by resignation, too late for proclamation or notice. Can it be doubted, that one year from that date, these same electors might have chosen a Judge; and that, without any proclamation or notice whatever, either from the Governor, or County Judge, or other person whomsoever?

The resignation of the first incumbent, the appointment of the relator to the vacancy, the proclamation of the Governor, the notice of the relator as Judge, and all the other facts considered in connection with the law, which all are presumed to know, are conclusive of notice in fact of the election of 1853.

III. The election of the relator in 1853 being valid, and that of the Respondent in 1855 being void, there remains but one question. Is the relator entitled to the office in virtue of his election in 1857 ? The election of 1857 was a general election, at the end of a full term of the office of County Judge, and no proclamation of the Governor, or notice of any other official, was necessary. (The People v. Brenham, 3 Cal. 477; The People v. Martin, 12 Id.; The People v. Burbank, Id.; The People v. Templeton, Id.)

Colton & Harrison, also, for Appellant.

I.  R. L. Westbrook was legally elected in 1853.

1. Assuming that the Act of March 22d, 1852, so far as it limits the term of office of the County Judge, is unconstitutional, and that this was, therefore, a special election; still, all the requisite formalities were complied with.

2. No proclamation is necessary for any election, unless the Legislature have authorized or required it. If the person whom the Legislature authorize to make the proclamation is incapable or incompetent to make it, the voters will not thereby be deprived of their right of election.

If, however, when so required, such incapable or incompetent person does make the proclamation, it is the same as though no proclamation was made or required by the Legislature. The only Act of the Legislature requiring a proclamation by the Governor for a special election to fill a vacancy is Wood's Dig. 375, Sec. 8 ; and that requires one, only when the vacancy is " to be filled by the qualified electors of the State, or of the District."

We submit to the Court, that Section 5 of that Act, by which the decision in *The People* v. *Martin* seems to be governed, requires a proclamation from the Governor, designating the offices to be filled at a general election only; and by the doctrine laid down by this Court in the case of *The People* v. *Porter*, (6 Cal. 29,) an election to fill a vacancy does not lose its character of a special election, because held at the same time with the general election. By Section 9 of the same Act, " Whenever a special election is necessary to fill a vacancy in any county or township office," a notice by the Supervisors, prior to 1855 by the County Judge, is all that is necessary. The term " district," used in Section 8, cannot be taken to mean or embrace " county ;" since, in Section 3 of the same Act, and also by Section 2 of the Act of April 28th, 1851, (Wood's Dig. 557,) it is used in contradistinction to it. It is a special territorial term, distinguishable from any other territorial term, both by name and by the objects of its creation. Nor does it cease to retain this distinction whenever, as in judicial, or senatorial, or assembly districts, its territory is coextensive with that of a county. For all the purposes of its creation, it is still a district, subject to the same regulations as though its territory were more or less than the county out of which it is formed. In this case, then, the Legislature have authorized the County Judge to make the proclamation, and such proclamation is the only one made requisite. That proclamation was made as appears from the " Agreed Statement ;" and hence, we contend, that the election was valid. (*Dickey* v. *Hurlbut*, 5 Cal. 340.)

II.  Notwithstanding this Court intimated, in the case of *The People* v. *Martin*, that a County Judge is not a county, but a State, officer, we submit that, since such intimation is only an *obiter dictum*, and not to be considered as a part of the decision, it cannot have weight as authority.

The distinction between a State officer and a county officer we conceive to be that of extent of authority and of jurisdiction.

The Constitution, (Art. 6, Sec. 8,) provides for the election, in each of the organized counties, of a County Judge, *i. e.* a Judge for the county; Section 9 provides for his jurisdiction to be established by the Legislature, but denies him original civil jurisdiction.  By the Act of May 19th, 1853, Sec. 43, (Wood's Dig. 151,) the Legislature have established the jurisdiction of this Court, limiting it "to hear and determine all civil causes appealed thereto from a Justice's, Mayor's, or Recorder's, Court, in the county.

The Constitution, (Art. 6, Sec. 15,) provides for his compensation from the County Treasury, while the Supreme and District Judges are, by the same section, to be paid from the State Treasury ; and by Art. 11, Sec. 9, each county is directed to make provision for the support of its own officers ; and, by the Act of May 17th, 1853, Sec. 2, (Wood's Dig. 664,) the Legislature has provided for the payment of the salary of the County Judge from the treasury of each county.

Again, by the Act of April 28th, 1851, (Sec. 1, Sub. 8, Wood's Dig. 557,) the Legislature has provided for the election of a County Judge " for each county."

In all these provisions, both of the Constitution and of the Acts of the Legislature, the evident design is to consider County Judges as county officers, and we submit that there is no provision, either in the Constitution or on the statute book, which considers them otherwise.  The nature of the office, moreover, as we have already shown, establishes them as county officers.

So much, therefore, of the opinion in the case of *The People* v. *Martin* as implies that a County Judge is a State officer, and so much as implies that a proclamation is necessary from the Governor in order to fill a vacancy in this office, is not binding.

2.  If Westbrook was legally elected in 1853, he was elected for four years, (Const. Art. 6, Sec. 8 ; *People* v. *Weller*, 11 Cal. *People* v. *Templeton*, January Term;) and no legal election could

again take place until 1857, at which time he was again elected, and under which election he claims the office.

This being an election to fill a vacancy occasioned by operation of law, the omission of the proclamation, by either the Governor or the Supervisors, would not vitiate the election. (*McKewn* v. *Weller*, 11 Cal.)

The election of Rosborough in 1855 was not to fill a vacancy, for there was no vacancy then, nor could there be any expected until the succeeding May. Hence, his election was without color of law, and, hence, without authority, and utterly void.

*Thos. H. Williams*, Attorney-General, also, for Appellant, argued : That the election of Respondent, Rosborough, in 1855, was void ; that the election of relator in 1857 was valid, as also his election in 1853.

*Robinson & Beatty* and *J. Berry*, for Respondent.

The 29th Section, Art. 4 of the Constitution of the State authorizes the Legislature to establish, by law, " Counties and Districts."

Section 14, Art. 12, apportions the two houses of the Legislature, " until the Legislature shall divide the State into counties," etc.

The 4th Section of Art. 11, declares that " the Legislature shall establish a system of county and town governments, which shall be as nearly uniform as practicable throughout the State."

The Act of March 22d, 1852, (p. 233,) established the county of Siskiyou, and a system of government for the same.  The 3d and 4th Sections of said Act declare that a County Judge shall be elected for said county on the first Monday in May, 1852.

Section 8, Art. 6, of the Constitution declares that a County Judge " shall hold his office for four years."  On this point. see *People ex rel. Fox* v. *Templeton*, 12 Cal. ; *People ex rel.* v. *Burbank*, Id. and the authorities therein cited.  See, also, *People ex rel. Brodie* v. *Weller*, and the numerous authorities cited by the Court, and in the brief of the Attorney-General, (11 Cal. 77.)

Under these authorities Wm. A. Robertson, the first County Judge elected for Siskiyou County, was elected for the term of four years, commencing in May, 1852, and terminating in May,

13

1856. If a vacancy occurred during Judge Robertson's term, before the general elections in 1852, 1853, or 1854, it would require a special election to fill the office.

The 3d Section of the Act of March 23d, 1850, " to regulate elections," declares " that special elections are such as are held to supply vacancies in any office," etc. Section 8 of the same Act, (Wood's Dig. 375,) declares that " whenever a special election is necessary to fill a vacancy in any office which is to be filled by the vote of the qualified electors of the State, or of the District, the Governor shall issue his proclamation ordering such election in like manner as is provided in regard to general elections. (*People ex rel. McKune* v. *Weller*, 11 Cal. 49 ; *People* v. *Martin*, 12 Id.)

The election of Westbrook in 1853 was, therefore, invalid.

Now, was the election of Rosborough, at the general election in 1855, valid ? We hold it was, because he was elected to fill a vacancy about to occur, by the expiration of the first full term, and if Respondent received the requisite number of votes, the election was good, independent of any proclamation. (*People* v. *Brenham*, 3 Cal. 491 ; *People* v. *Porter*, 6 Id. 26.)

Rosborough being legally elected at the general election in 1855, would hold his office for four years, and his successor could not be legally elected until the general election in 1859.

BALDWIN, J. delivered the following opinion :

This proceeding of *quo warranto* was brought to determine the title of the defendant to the office of Judge of the County Court of Siskiyou.

The county was organized by Act of Legislature, passed March 22, 1852. By this Act, an election was directed to be held for County Offices on the first Monday of May of the same year, at which election were to be chosen one County Judge, one District Attorney, one County Clerk, one Sheriff, etc. The 15th Section provides that the County Judge chosen under this Act shall hold his office for two years; the other officers elected shall hold their respective offices for two years, and until their successors are elected and qualified. " The successors of the officers elected under this Act shall be chosen at the general election established by law, which takes place next preceding the expiration of their respective terms."

At the election in May, 1852, W. A. Robertson was chosen Judge of the county. He held the office until April, 1853, when he resigned. Westbrook, the relator, was then appointed and commissioned by the Governor. At the general election of that year, the relator was returned as elected. But the Governor failed to make proclamation of the fact that the vacancy in this office was to be filled at this election.

At the general election in September, 1855, the Respondent was voted for, and received a majority of votes cast for the office, and was returned as elected. In May, 1856, Westbrook, who had been in the possession of the office from the time of his appointment by the Governor, resigned, and Respondent claiming by virtue of his election in 1855, qualified and took possession of it.

At the general election of September, 1857, Westbrook again was returned as elected, and now claims as against Rosborough, who, since May, 1856, has been in the exercise of the office.

We hold, in *The People ex rel. Templeton* v. *Fox*, at the October Term, that the Constitution fixes the period of tenure of a Judge of the county, to wit: at four years; and that the Legislature may prescribe the period of commencement of the term, as also the time of the election. The Act of the Legislature organizing the county of Siskiyou, therefore, was void in that part of it which limited the period to two years' tenure; but this does not hurt that part which was constitutional, and the election held under that Act vested the title to the office in the incumbent for four years. Before that time he resigned. This left the office vacant. The Governor might fill the vacancy, but the appointee would only hold, by virtue of the appointment, until the next general election, or, at most, until the qualification of the person to be then chosen by the people. But as the election for this vacancy was a *special* election, as we held in *People* v. *Porter, People ex rel. McKune* v. *Weller,* and *People* v. *Martin,* the Governor's proclamation was an essential condition to its validity. No such proclamation was made. It is true, the proclamation called the attention of the County Judges to the 3d Section of an Act "to regulate elections," etc. from which it will be seen that all vacancies which are about to occur in office by the expiration of the full term thereof, shall be supplied at the general election. But

this was not a vacancy about to occur, but a vacancy which had occurred by the resignation of the incumbent, in advance of the period mentioned in the Act referred to. This memorandum has no application to this case; besides, it gave notice of no fact. The County Judge could not, by his notice, supply this defect in the Executive proclamation.

The appointee of the Governor, Westbrook, held as Judge *de facto* or *de jure*, it is not material which, until he resigned. He derived no new title from his election in 1853. As there could be no election, except a special election to fill this office, until September, 1855, and as a special election cannot be held without proclamation—which was never made—it follows that the people had no opportunity to fill this office from the first election, in May, 1852, until September, 1855. The full term of four years from May, 1852, would expire, of course, in 1856; and the Act already cited, provides (Wood's Digest, 375, Sec. 4) that all vacancies which are about to occur in office by the expiration of the full term thereof, shall be supplied at the general election—meaning the general election next preceding the end of the term. We must regard the office, then, as if no new term had been created in it, the Governor's appointment being temporary; and there being no election by the people, which alone could confer upon an incumbent a title to a full term, the election of 1855 was the period designated in the Act of 1850 for the election. This would be a general election, as contradistinguished from a special election, and no proclamation is necessary in such cases to give validity to it. It follows that the Respondent is, upon the agreed facts, entitled to the office.

We see no injurious consequences likely to happen from this decision, as the acts of judicial officers in office under the color of authority, are as binding and effectual, so far as third persons are concerned, as those of officers entitled to hold office by strict law.

Judgment affirmed.

FIELD, C. J. delivered the following opinion:

I concur in the judgment of affirmance, upon the authority of the decisions of this Court in the cases of *The People*, etc. *ex rel. McKune* v. *Weller*, and *The People*, etc. v. *Martin*.