### WM. McHAN v. GEORGE T. CONNELL.

(No. 2955.)

APPEAL from Brown County.   Opinion by HURT, J.

*(Transferred from Austin.)*

**§ 202.** *Election to determine whether hogs, etc., may be permitted to run at large; requisites of; case stated.* Appellee, Connell, sued McHan in justice's court for damages done by certain sheep belonging to the latter, and for fees for impounding the sheep. The suit is based upon the provisions of chapter 5, title 93, Revised Statutes. If the election to determine whether hogs,

sheep and goats should be permitted to run at large in a certain subdivision of Brown county — that is; the subdivision in which appellee lived at the time the sheep were impounded — was void, then this action cannot be maintained. A petition, signed by at least twenty persons, — and we will presume that they were freeholders, — was presented to the county commissioners' court, praying for such election.. At a term of the commissioners' court held on the second Monday of June, the court being convened as a board of equalization of taxes, as required by chapter 47 of acts of 1879, an order was made directing an election to be held in the particular subdivision described in the petition; and the county judge issued an order for the election, and it was held in pursuance of such order.

Appellant contends that the order directing an election to be held was void, because not made by the commissioners' court at a regular term. Article 4594, Revised Statutes, requires the commissioners' court to pass the order directing an election at a regular term of the court; and hence the question, what is a regular term of that court? In plain and simple language the statute answers this question, and we are surprised that there should be any mistake or doubt regarding this matter. The regular terms of the commissioners' court are those which are held on the second Mondays in February, May, August and November. [R. S., art. 1525.] This being so, the order directing the election must be made at one of these terms, and it must be made at the term next after the filing of the petition for the election. [Id., art. 4594.] We are of the opinion that the election was void, and hence appellee cannot maintain this action.

Reversed and suit ordered to be dismissed.
January 17, 1891.