(34 Misc. Rep. 636.)

### In re POWERS et al.

(Supreme Court, Special Term, Livingston County. April, 1901.)

LOCAL OPTION ELECTION—NOTICE OF TOWN MEETING.

    Laws 1900, c. 367, § 3, requires a town clerk to print and post notices at least 10 days before the holding of a town meeting, in at least four public places, of the fact that all of the local option questions provided by statute will be voted on at such meeting. *Held*, that the provisions are mandatory, and, where the requirements of the statute have been disregarded, there is no authority to take a vote on such questions.

Application of William A. Powers and others for a special town meeting of the town of Palmyra. Motion to vacate ex parte order granting the application denied.

Geo. S. Tinklepaugh, for petitioner William A. Powers.

Henry R. Durfee, for G. A. Tuttle and others, citizens moving to set aside order.

NASH, J. The question here is whether legal notice was given of the proposed submission of the local option questions provided by the liquor tax law to the electors to be voted on at the town meeting held in the town of Palmyra on the 5th day of March, 1901. The statute (Laws 1900, c. 367, § 3) provides that the town clerk shall, at least ten days before the holding of the town meeting, cause to be printed and posted in at least four public places in the town a notice of the fact that all of the local option questions provided for by the statute will be voted on at the town meeting; and the notice shall also be published, at least five days before the vote is taken, once, in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town, if there be one. There was an entire omission of the town clerk to print and post the notices required by the statute. The provision of the statute that at least ten days before the holding of the town meeting the town clerk shall cause the notices to be printed and posted is peremptory; an absolute requirement, necessary to give jurisdiction to take the vote prescribed by statute. The questions are to be submitted, "provided the electors of the town to the number of ten per centum of the votes cast at the next preceding general election shall request such submission by written petition," and the town clerk shall give the requisite notice. It will hardly be claimed by any one that the giving of notice of the proposed submission can be dispensed with; that, if no notice whatever is given, the election will be valid. It is argued that the publication of the notice in the newspapers was sufficient. It may well be that the means taken to bring the matter before the people, and the notice actually given, was more general, and gave more publicity to the fact that the proposed submission was to be made, than would the posting of the four notices. But that is not what the law requires. It provides that the notices shall be posted at least ten days before the meeting. The electors are to have that length of notice, and also, in addition, the notice shall be published in one newspaper published in the county, which shall be a newspaper published in the town, if there be one. The former is the principal notice, the latter merely an adjunct or subordinate. In towns not having a newspaper, the notice would be published once in a newspaper in any part of the county. It is not a question of actual, but of legal, notice. It is analogous to the notice required for a judicial sale where both posting and publication are required. Neither can be omitted. In fact, it does not appear that the publication in either of the newspapers was intended by the town clerk as a compliance with the statute requiring publication of the notice. There does not appear to be any authority which can be regarded as an adjudication in point. In Re Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471, one of the questions decided, as stated in the opinion of the court, is that notice of the proposed submission

must be given, which, in effect, is that it is jurisdictional, and so far sustains the contention of the petitioner. The authorities cited to the effect that there is no principle of law which permits the disfranchisement of innocent voters for the mistakes, or even the willful misconduct, of election officers in performing the duty cast upon them, are not pertinent to the question here. There is not an attempt to disfranchise; it is to enfranchise, to make valid that which is invalid,—a proceeding provided by the statute to obtain a valid election. The question being jurisdictional, it may be raised collaterally, and a decision here adverse to the petitioner would involve the town in a litigation the cost of which would be far in excess of a new election. The public interests seem to require that the local option questions should be resubmitted at an election about the validity of which no question can arise. The motion to vacate the order should be denied.

Motion denied.