Decided 22 May, 1906.

## STATE ex rel. *v.* RHODES.

85 Pac. 332.

ORGANIZATION OF COUNTY COURTS—TERMS—VOID ORDERS CALLING LOCAL
OPTION ELECTION.

The persons designated by statute to compose a county court do not
constitute such court for the transaction of county business except when
they are in session at a time and place properly and legally determined,
and only such orders as are then made are valid.

For example: Where a county judge and a commissioner met at a
time not fixed by statute or any order of court, a writing then signed by
them purporting to call an election under the local option law is not an
order of court and is void, as those persons did not then compose the
county court.

From Yamhill: WILLIAM GALLOWAY, Judge.

Mandamus by the State, *ex rel.,* against B. F. Rhodes, county
judge, and others. From an order dismissing the writ the relators appeal. The case was submitted on briefs under the
proviso of Rule 16: 35 Or. 587, 600.          AFFIRMED.

For appellants there was a brief over the name of *Frank B. Rutherford.*

For respondents there was a brief over the names of *McCain & Vinton* and *Martin L. Pipes.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a special proceeding, instituted by the State of Oregon,
on the relation of F. B. Rutherford and others, against B. F.
Rhodes, as county judge of Yamhill County, and A. M. Waddell
and R. L. Booth, as county commissioners thereof, to compel
them, as the county court of that county, to make an order declaring the result of an election held therein, November 8, 1904,
to determine whether or not the sale of intoxicating liquors as
a beverage should be prohibited, and absolutely to forbid such
sales. An alternative writ of mandamus, showing the relators'
*prima facie* right, under the provisions of the local option liquor
law, to a performance of the ministerial duty sought to be enforced, was issued, whereupon the defendants, answering, denied
the material allegations thereof and averred, *inter alia,* that
when the petition for an election for the purpose specified was
filed, the county judge and one county commissioner, in vacation; after an adjournment of a regular term of the county

court, and without a special term thereof having been called, attempted to make an order authorizing an election to be held to determine the proposed question, but that such order was void, in consequence of which the election was illegal, whereby the performance of the acts sought to be enforced did not devolve upon the defendants as a duty resulting from their respective offices. A demurrer to the averments of new matter in the answer, on the ground that the facts thus stated did not constitute a defense to the alternative writ, having been overruled, the proceedings were dismissed, and the relators appeal.

Our statute prescribing the terms of county courts contains the following provision:

"The county court is held at such times as may be appointed by law, and at such other as the court in term, or the county judge in vacation, 'may appoint, in like manner and with like effect as the circuit court or judge thereof is authorized by Section 901." B. & C. Comp. § 915.

The county judge and county commissioners of any county in this state do not constitute the county court thereof for the transaction of county business unless they assemble at the time prescribed by law, or at a time designated by a general order of such court to that effect made and entered in the journal during the term time, or by a special order made and filed by the county judge in vacation, authorizing the transaction of certain business therein specified. The county judge of Yamhill County and a county commissioner thereof not having assembled at a time thus prescribed, they did not compose the county court of that county for the transaction of county business, and could not make a valid order authorizing the calling of an election to determine whether or not the sale of intoxicanting liquors as a beverage should be prohibited therein, and their attempt to make a regulation to that effect was void: *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328).

It follows from these considerations that the judgment should be affirmed; and it is so ordered.            AFFIRMED.