Argued 12 April, decided 23 April, 1907.

**STATE *v.* MacELRATH.**

89 Pac. 803.

CONSTITUTION—COUNTY JUDGE AND COMMISSIONERS.

1. Under Const. Or. Art. VII, § 11, providing for a county judge, and Section 12, authorizing the election of two commissioners to assist the judge in county matters, the judge alone is the county court as much as though one of or both the commissioners were sitting with him.

COUNTY COURT—NATURE OF JURISDICTION IN LOCAL OPTION MATTERS.

2. In the performance of the duty imposed upon it by the local option law, the county court acts in a special capacity under Const. Or. Art. VII, § 12, giving it jurisdiction pertaining to "such other powers and duties * * as may be prescribed by law."

SAME.

3. It is immaterial whether the duties imposed by the local option law be discharged by the county court when presided over by the county judge alone, or when the county commissioners are sitting with him, since in either case the action is that of the county court.

. COUNTY COURT RECORDS—DOCKETS AND JOURNALS—DIRECTORY STATUTE.
    4. B. & C. Comp. § 921, providing that the business of the county court
shall be docketed and disposed of in a certain order, and shall be en-
tered and kept in separate books, is only directory, and an order or
judgment of the court in a local option matter entered in any of its
books of record is valid.

From Umatilla: WILLIAM SMITH, Judge.

James MacElrath was convicted of selling intoxicating liquors
contrary to the provisions of the local option law, and appeals.
The case was submitted on briefs under the proviso of Rule 16:
35 Or. 587, 600.                                         AFFIRMED.

For appellant there was a brief over the name of *Winter &
Collier*.

For the State there was a brief over the names of *G. W.
Phelps*, District Attorney, and *John McCourt*.

Opinion by MR. CHIEF JUSTICE BEAN.

The local option law provides that, whenever a petition there-
for signed by the requisite number of voters shall be filed with
the county clerk, "the county court" shall order an election to
be held at the time and place mentioned in such petition to de-
termine whether the sale of intoxicating liquors shall be prohib-
ited in the designated county, subdivision or precinct, and that
on the eleventh day after such election, or as soon thereafter
as practical, "the county court" shall hold a special session and
declare the result: Laws 1905, pp. 41, 47, c. 2.

1. The single question on this appeal is whether the orders
referred to may be made by the county court presided over by
the county judge alone, or whether they must be made by the
county judge and commissioners sitting as a court for the
transaction of county business. This is the first time the ques-
tion has been directly presented for decision, although it has
been assumed in previous cases that orders made by the county
court sitting for the transaction of county business were valid:
*Marsden* v. *Harlocker*, 48 Or. 90 (85 Pac. 328) ; *State ex rel.*
v. *Rhodes*, 48 Or. 133 (85 Pac. 332) ; *State ex rel.* v. *Malheur
County Court*. 46 Or. 519 (81 Pac. 368) ; *State ex rel.* v. *Rich-*

*ardson,* 48 Or. 309 (85 Pac. 225). The county court is a judicial tribunal created by the constitution (Art. VII, § 1), and has "the jurisdiction pertaining to probate courts and boards of county commissioners;" a limited civil and criminal jurisdiction, "and such other powers and duties * * as may be prescribed by law": Section 12. It is held by the county judge (Section 11), but the legislature may provide for the election of two commissioners to sit with the judge while transacting county business: Section 12.

Prior to the adoption of the constitution the probate business and that of the counties was transacted by separate tribunals—one the probate court, and the other the board of county commissioners (Laws 1854-55, pp. 338, 412)—but both of these were abolished by the constitution and the duties of each conferred upon the county court. In pursuance of the authority vested in it, the legislature has provided for the election of two commissioners (Section 2533, B. & C. Comp.) to sit with the judge while county business is being transacted: Section 909. It has also declared that county business shall consist in providing for the erection and repair of courthouses, jails and public buildings; providing offices and furniture, etc., for county officers; establishing, vacating and altering county roads and the erection and repair of public bridges thereon; licensing ferries and granting all other licenses provided by law, where the authority is not expressly given to some other tribunal; levying taxes and providing for the maintenance and employment of paupers; compounding for and releasing in whole or in part any debt or damages due the county; and the general care and management of the county property, funds and business where the law does not otherwise expressly provide: Section 912, B. & C. Comp.

It will thus be seen that, while the business has been subdivided and classified, there is but one court provided by the constitution and laws. In the transaction of all matters properly coming before it, except county business or such as is specially imposed on the court sitting for the transaction of county

business, the county judge sits alone. When county business is being considered, the two commissioners sit with him and are a part of the court, but the judge and commissioners do not constitute a separate tribunal. They are still the county court charged by the statute with the performance of certain specified duties: *Pacific Bridge Co.* v. *Clackamas County* (C. C.), 45 Fed. 217.

2. In ordering an election under the local option law, and in declaring the result of such an election, the county court is not exercising any of its ordinary duties. It is not transacting probate business, because that contemplates matters dealing with the settlement of the estates of deceased persons. It is not exercising criminal or civil jurisdiction, because that assumes adverse parties and the determination of issues between them. It is not transacting county business, because the duties imposed upon it do not come within the provision of the statute defining what shall constitute county business. The county, as such, has no interest in the question whether an election under the local option law shall be held, nor is it affected in any way by the result. In the performance of the duty imposed upon it by the local option law the county court is acting in a special capacity and in the discharge of "other powers and duties prescribed by law": *State ex rel.* v. *Malheur County Court,* 46 Or. 519 (81 Pac. 368) ; *State ex rel.* v. *Richardson,* 48 Or. 309 (85 Pac. 225).

3. And it is of no importance, so far as we can see, whether the duties thus imposed, which are largely, if not entirely, ministerial, be discharged by the county court when presided over by the county judge alone, or when the county commissioners are sitting with him. In either event, it is the act of the county court and a compliance with the letter and spirit of the local option law.

4. It is true the statute provides that the business of the county court shall be docketed and disposed of in a certain order, and shall be entered and kept in separate books: Section 921, B. & C. Comp. It is doubtful whether the duties imposed by

the local option law come within any of the classifications so named. But, however that may be, the provision that the business of the several classifications shall be entered and kept in separate books is only directory, and an order or judgment of the court entered in any of its books of record is nevertheless valid: *Sprigg* v. *Stump* (C. C.), 8 Fed. 207.

We conclude, therefore, that the order of the county court in the case at bar was valid, although it was made while the court was presided over by the county judge alone.

The judgment is affirmed.           AFFIRMED.