## RUSSELL *v.* CROOK COUNTY COURT.

(145 Pac. 653; 146 Pac. 806.)

**Attorney and Client—Substitution of Attorneys.**

1. Attorneys other than those who conducted the proceeding in the trial court for plaintiff, appearing for him in the Supreme Court and moving to dismiss his appeal, not having been substituted as provided by Sections 1086, 1087, L. O. L., will not be recognized.

[As to power of court to investigate authority of attorney appearing in cause, see note in Ann. Cas. 1912C, 1106.]

**Appeal and Error—Voluntary Dismissal—Interest of Public.**

2. The public being interested, the appeal of plaintiff, in a proceeding to review the action of a County Court in submitting to a vote the creation and establishment of a county, should not be dismissed at his instance, but should be disposed of on the merits; his original attorneys not having withdrawn or consented to such dismissal.

**Counties—Establishment—Proceedings—Validity.**

3. Under Laws of 1913, page 21, providing for the organization of new counties, the submission at the same election of two propositions to create two new counties out of territory in an existing one does not affect the validity of the creation of one county by the

adoption by the voters of one proposition, while the other proposition is defeated.

### Counties—Creation of New Counties—Election—Form of Ballot.

4. A form of ballot for the creation of a new county to . : called Jefferson, which contained the words "For new county (Jefferson)" and "Against new county (Jefferson)," substantially complied with Laws of 1913, page 21, providing for the creation of new counties and a form of ballot containing the words "For new county" and "Against new county."

[As to validity of statute creating new county, only on ratification of voters within territory affected, see note in Ann. Cas. 1914C, 626.]

### Counties—Commissioners—"Sit."

5. Under Article VII, Sections 11, 12, of the Constitution, authorizing the enactment of a statute for the election of two commissioners to "sit" with the county judge while transacting county business, Section 934, L. O. L., providing that the County Court, when transacting county business, shall be held by the county judge and two commissioners, or a majority, and Section 941, providing that when, in the transaction of county business, only two of the persons authorized to hold court are present, and there shall be a disagreement, the same shall be continued until the next term, or until the third person authorized to sit is present, the two persons elected as county commissioners may alone transact county business in the absence of the county judge; for the word "sit" means to hold court; to do any act of a judicial nature.

### Counties—County Business—County Judge and County Commissioners—Adjournment.

6. The two commissioners of a county authorized by the Constitution and statutes to sit with the county judge while transacting county business may adjourn, in the absence of the county judge, after there has been an adjournment by operation of law (L. O. L., section 978) because of the absence of the county judge, and the two commissioners and the county judge may legally transact county business at the time fixed on the second adjournment.

### Counties—Commissioners—Transaction of "County Business."

7. "County business," within Article VII, Sections 11, 12, of the Constitution, authorizing the legislature to provide for the election of two commissioners to sit with the county judge while transacting county business, and the statute providing for the election of two persons to sit with the county judge in the transaction of county business, means all business pertaining to the county as a corporate entity, and the legislature may neither limit nor extend the operation of the Constitution, and a proceeding to create a new county out of territory of an existing county is county business.

### Counties—Commissioners—Transaction of County Business.

8. An order for an election to determine the creation of a new county out of territory of an existing county is valid, whether made by the County Court sitting for the transaction of civil or probate business or sitting as a tribunal to transact county business.

From Crook: WILLIAM L. BRADSHAW, Judge.

This is a proceeding by A. D. Russell against the County Court of Crook County and others. Defendants were successful in the court below, and now move to dismiss appeal.                    MOTION DENIED.

*Mr. William H. Wilson, Mr. Lewis H. Irving* and *Mr. Willard H. Wirtz,* for the motion.

*Mr. Claude McColloch* and *Mr. W. P. Myers, contra.*

In Banc. MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. This is a proceeding by writ to review the action of the County Court of Crook County in submitting to the voters of the county the matter of the creation and establishment of Jefferson County, brought here by appeal. The plaintiff A. D. Russell by attorneys moves to dismiss the appeal, which motion is signed by A. D. Russell, petitioner, and by W. P. Myers and Claude McColloch as petitioner's attorneys. The proceeding was commenced and conducted in the Circuit Court by M. R. Elliott and N. G. Wallace, attorneys for plaintiff. The appearance and objects sought to be obtained by Meyers and McColloch are antagonistic to the purposes of plaintiff's original attorneys, and without their concurrence. Sections 1086, 1087, L. O. L., provide how a change or substitution of attorneys may be accomplished. Myers and McColloch have not been substituted or otherwise recognized as attorneys in the case, and under present conditions they cannot be recognized here until regularly substituted or changed. The general rule is that a party to litigation may settle the case out of

court or dismiss a case pending if it works no injury to the attorneys. However, in this case it appears that others than plaintiff are interested in the result to be accomplished, the matter in controversy being one of public interest; and the case should be disposed of on the merits in the interest of the public, as the original attorneys have not withdrawn or consented to such dismissal.

The motion is denied.                          Denied.

Argued February 16, affirmed March 2, 1915.

On the Merits.

(146 Pac. 806.)

Department 1. Statement by Mr. Justice McBride.

This is a writ of review by A. D. Russell to revise the action of the County Court of Crook County whereby it ordered an election to be held for the purpose of determining the question of the formation of a new county to be known as "Jefferson County," to be formed wholly from the territory of Crook County. The petition for the election is regular and sufficient in form, and the order regular upon its face. It is admitted that the vote cast was sufficient to have justified an order declaring the new county of Jefferson legally constituted, unless the objections hereinafter noted shall have rendered the proceedings void. The first objection is that upon the same day the petition for an election to determine the organization of Jefferson County was considered, and the order in question made, there was also presented a petition for an election to determine whether a new county to be

known as "Deschutes County," composed of territory then lying wholly within the limits of Crook County, should be formed, which petition was duly considered, and an order made for the holding of such election. It does not appear from the record which of these orders was first considered, but it is conceded that the proposition for the creation of the latter county was defeated at the election. The claim of the petition is that the County Court has no authority to submit to the voters at the same election a proposition for the formation of more than one county out of territory lying wholly within a single county; that the power of the County Court to order such election was wholly exhausted when it submitted the proposition for the formation of Deschutes County; and that its orders in relation to the formation of Jefferson County were consequently void. It was also contended by appellant that Chapter 10, Laws of 1913, providing for the organization of new counties, is void, because it does not provide that such measure shall have a ballot title. The times fixed by law for holding a term of the County Court in Crook County for the transaction of county business is the first Wednesday in January, March, May, July, September and November. For the transaction of other business the statute provides for a term to be held on the first Monday in each month. In 1914 the first Wednesday in September was upon the 2d day of that month. On that day one commissioner appeared; the other commissioner and the county judge being absent. The commissioner declared the court adjourned until next day, upon which date the other commissioner appeared; the county judge still being absent. The commissioners, after transacting some business not connected with the matters at bar, adjourned court until 9 o'clock A. M., of the next

day, again transacting business, and at 3 o'clock adjourned until 4 o'clock P. M., of the same day, at which time the county judge appeared and took his place on the bench. It is contended by appellant that, under Sections 11 and 12 of Article VII of the Constitution, as it existed before the amendment of 1910, the County Court could not be held without the presence of the county judge, and that, when he failed to appear on the second day of the term, the court, by operation of Section 978, L. O. L., stood adjourned for that term. The Circuit Court dismissed the writ, and petitioner appeals.                          AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. M. R. Elliott* and *Mr. N. G. Wallace.*

For respondents there was a brief over the names of *Mr. Lewis H. Irving, Mr. William H. Wilson* and *Mr. Willard H. Wirtz,* with oral arguments by *Mr. Irving* and *Mr. Wilson.*

*Mr. Claude C. McColloch, amicus curiae.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Much of the discussion had upon the oral argument and in the briefs was directed to the capacity of the petitioner to bring this proceeding, but, as it involves the validity of the organization of Jefferson County, we prefer to waive these techincal objections and pass upon the main question on its merits.

3. We find nothing in the act of 1913, cited in our statement of the case, indicating that it was the intention of the legislature that only one proposition to divide a county should be submitted at an election; and,

as suggested by respondent's counsel, such a construction would leave it to the whim of the County Court or to the expedition with which petitions might be circulated as to the particular measure upon which the people should have an opportunity to vote. In the case at bar it is conceded that more than 65 per cent of the voters in the proposed new county, and more than 35 per cent in the remainder of the county, voted in favor of the division, and that the proposal to organize Deschutes County was defeated, so that a discussion as to what might have happened had both proposals carried is purely academic here; the objection being rather to the policy or expediency of the law as it is actually found on the statute book.

4. There is no merit in the objection urged to the validity of Chapter 10, Laws of 1913. The act in question provides that there shall be a form of ballot used containing the words "For new county" and "Against new county." In the case at bar the court ordered that the clerk prepare a form of ballot for each measure containing the words "For new county (Jefferson)" and "Against new county (Jefferson)"; and as to the other proposed division the same form was employed, substituting "Deschutes" for "Jefferson." This was a substantial compliance with the law, and amply advised each voter as to the nature of the measures submitted.

5. The third objection to the proceedings relates to the absence of the county judge during the first two days of the term. There is no separate board of county commissioners in Crook County, and, while sitting for the transaction of county business, the judge and commissioners constitute the County Court. Much stress is laid by appellant upon Sections 11 and 12 of Article

VII of our Constitution as it existed before the amendment of 1910.  The sections are as follows:

"There shall be elected in each county, for the term of four years, a county judge, who shall hold the County Court at times to be regulated by law. * * The County Court shall have the jurisdiction pertaining to probate courts, and boards of county commissioners, and such other powers and duties, and such civil jurisdiction not exceeding the amount of value of five hundred dollars, and such criminal jurisdiction not extending to death or imprisonment in the penitentiary, as may be prescribed by law.  But the legislative assembly may provide for the election of two commissioners to sit with the county judge whilst transacting county business in any or all of the counties, or may provide a separate board for transacting such business."

It is contended that the words providing that two commissioners may be elected "to sit with the county judge whilst transacting county business" by implication exclude the idea that the county commissioners can transact any business in his absence.  This, in our judgment, is giving too narrow and technical a meaning to the word "sit," and, in effect, limiting it to the mere physical presence of the two commissioners upon the bench.  He would be Jupiter, and they but satellites, and even less, because they would not be authorized to even give light; their function would be to "sit,"  Unless they are to have equal authority with the county judge in matter pertaining to their functions, the framers of the Constitution might as well have provided that the county judge should sit with two joints of stovepipe.  We are of the opinion that the word "sit," as here used, means "to hold court; to preside, or do any act of a judicial nature."  And the words have been so construed: 7 Words & Phrases,

title "Sit"; *Allen* v. *State,* 102 Ga. 619 (29 S. E. 470); *Cock* v. *State,* 8 Tex. App. 659. It has frequently held in this state that, when the commissioners and judge are sitting in the transaction of county business, the tribunal so acting is still the County Court: *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786); *State ex rel.* v. *Rhodes,* 48 Or. 133 (85 Pac. 332); *State* v. *McElrath,* 49 Or. 294 (89 Pac. 803); *Pacific Bridge Co.* v. *Clackamas County* (C. C.), 45 Fed. 217.

Section 941, L. O. L., provides:

"When in the transaction of county business only two of the persons authorized to hold the court are present, and there shall be a disagreement between them, upon any question or matter before them, the same shall be continued until the next term, or until the third person authorized to sit is present."

Section 934, L. O. L., provides:

"The County Court is created by the organic law of the state, Article VII, Constitution, and its organization is provided for, and its jurisdiction limited and defined by such organic law, and the provisions of this chapter. The court is held by the county judge, except when county business is being transacted therein, and then it is held by such judge and two commissioners designated by law, or a majority of such persons."

From these sections we conclude that the County Court, when sitting for the transaction, of county business, may consist of any two of the persons authorized to sit in such court, and that an adjournment from day to day may be ordered by any two of them.

6. In the present instance the court stood adjourned from the 2d to the 3d of September by operation of law: Section 978, L. O. L. The second adjournment, having been made by the concurrence of two members of that body, was regular and lawful.

7. It is further contended that this order, not being
county business, was beyond the power of the court to
make at the instant session, and that the definition of
county business in Section 937, L. O. L., is exclusive.
While, in our opinion, the conclusion does not neces-
sarily follow from the premises assumed, yet, in the
opinion of the writer, county business which is such
in fact cannot be constitutionally limited or excluded
from the functions of the County Court sitting with
a collective membership.  The Constitution provides,
in effect, as already shown, that three persons may
constitute the County Court for the transaction of
"county business."  The statute provides for the elec-
tion of two persons to sit with the county judge in the
transaction of "county business."  It is fair to pre-
sume that, when the framers of the Constitution used
this term, they meant to include all business pertain-
ing to the county as a corporate entity, and, if this
be so, it is not in the power of the legislature to limit
its meaning by definition.  While this view of the
particular statute in question has not been brought
to the attention of the courts, and has therefore been
overlooked, it is supported by authority in analogous
cases.  Thus in *White* v. *Commissioners etc.,* 13 Or.
317 (10 Pac. 484, 57 Am. Rep. 20), where the Con-
stitution declared the qualifications of voters, and the
legislature attempted to add to these by requiring
registration previous to election day as an absolute
prerequisite to the right of voting, the law was held
void; the court saying, in effect, that the legislature
could not destroy or impair the qualification to vote
by an arbitrary prescription as to what should con-
stitute the mode of proof of that qualification.  So
here, if a matter really be, in fact, county business, the

legislature cannot by definition make it something else, and thus limit the operation of the constitutional provision cited. It may be fairly suggested that, if the legislature can directly or by implication limit the term ''county business'' so as to exclude therefrom matters which, in fact, are vital to the county in its fiscal and corporate capacity, the converse of the proposition is also true, and it can extend the definition so as to include the trial of civil cases and other matters of like character. Nothing that can be suggested is more vital to a county in its corporate and business capacity than a proposition to take from it a large portion of its taxpaying area and population. Under the Constitution the proposed county must have an area of at least 400 square miles and under the act of 1913 it must contain taxable property amounting in value to the sum of $2,000,000. So it would appear that any proposition to deprive a county of this valuable part of its domain was pre-eminently county business.

8. Another view of the case is equally fatal to appellant's contention. As already shown, a majority of the three members sitting constitute the County Court. Treating the duty to examine the petitions and make the order as one which is outside of any constitutional duty of either division of the County Court, and which could have been imposed upon a board constituted as the legislature saw fit, or as a special statutory duty, the County Court, sitting either for the transaction of civil or probate business, or as a tribunal sitting to transact county business, is within the letter of the act, and an order made by either department would seem to be sufficient. No good reason has been given why an order made by the County Court sitting in probate or for the trial of civil cases would

in any way be more beneficial or efficacious than one made by it for the transaction of county business.

We conclude that the order was regularly made, and that the Circuit Court committed no error in dismissing the writ.                                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.