Argued December 21, 1923, writ allowed February 13, 1924.

# FIRST NATIONAL BANK OF McMINNVILLE ET AL. *v.* COUNTY COURT OF YAMHILL COUNTY, OREGON, ET AL.

### (222 Pac. 1077.)

**Counties—Proper Disposition of Levy for Interest on Road Bonds Where Such Interest Paid Out of General Fund, Stated.**

1. Where county treasurer paid the interest on outstanding road bonds out of the general fund instead of the proceeds of taxes levied for such purpose, such proceeds could not be used for payment of principal or interest on bonds during the following year, where amount thereof was ordered returned to the general fund by the levying board under Laws of 1921, Chapter 118, Section 10.

**Statutes—Amendatory Act Held Void for Failure to Indicate Subject Matter of Amendment.**

2. Laws of 1923, Chapter 142, amending Laws of 1921, Chapter 208, providing for county tax supervising and conservation commissions in counties having a population of more than 100,000 so as to provide for such a commission in every county, *held* void for failure to indicate the scope of the amendment in the title, under Constitution, Article IV, Section 20, the mere reference in amendatory act to amend act being insufficient to warrant provision making act applicable to every county.

**Counties—County Court Required to Levy Tax to Provide Redemption Fund and Interest for Permanent Road Bonds.**

3. Where a county has issued permanent road bonds under Sections 4625–4649, Or. L., it is mandatory on the part of the County Court of such county, under Section 4638, to levy a tax on all the taxable property of the county sufficient to provide a redemption fund and to pay the annual interest on the bonds.

Original proceedings in *mandamus.*

In Banc.

WRIT ALLOWED.

For plaintiffs, *Messrs. Vinton & Tooze* and *Mr. B. A. Kliks.*

For defendant County Court, *Mr. R. L. Conner,* District Attorney.

For defendant Tax Supervising and Conservation Commission, *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Willis S. Moore,* Assistant Attorney General.

*Mr. John S. Coke,* U. S. District Attorney, *Mr. H. L. Holgate,* District Counsel, U. S. Bureau of Reclamation, *Mr. James B. Kerr, Mr. D. V. Kuykendall, Mr. Fred D. Fletcher, Mr. J. N. Helgerson,* District Attorney for Polk County, *Messrs. Botts & Winslow,* and *Mr. J. H. Carnahan, Amici Curiae.*

McCOURT, J.—This is an original proceeding in *mandamus,* instituted by plaintiffs to compel the County Court of Yamhill County to levy taxes in that county for the year 1924, and to extend the same upon the tax and assessment-rolls of the county, sufficient to provide special funds for the payment of principal and interest accruing during the year 1924 upon county road bonds theretofore issued and sold by the county, pursuant to sections 4625 to 4649, inclusive, Or. L.

The alternative writ, and the returns thereto, disclose the facts hereinafter stated.

Each of the plaintiffs is a taxpayer in Yamhill County and the holder of unpaid and outstanding

warrants duly issued by that county. The warrants held by plaintiffs aggregate an amount in excess of $75,000. In 1919 Yamhill County issued and sold bonds for the building of permanent roads in that county in the sum of $360,000, and in 1920 the county authorized, issued and sold additional bonds for the building of permanent roads in that county, in the total sum of $396,000. All the bonds of both issues above mentioned are outstanding and unpaid, and during the year 1924 there will accrue and become due and payable thereon, principal in the sum of $32,500 and interest amounting to the sum of $40,305.

On the twenty-second day of October, 1923, the Budget Committee of Yamhill County, consisting of the County Court and three duly and regularly appointed electors and freeholders of the county, duly prepared the annual budget for the year 1924, and set forth therein an estimate of the total amount of money proposed to be raised by taxation upon the real and personal property in the county and expended by the county for all purposes during the fiscal year next ensuing, which total was stated to be $608,189.32; the estimates were fully itemized and arranged under separate heads in the budget, as required by statute (Chap. 118, Laws 1921); the budget contained an item of $32,500, the amount necessary to be raised to pay the portion of principal of the county road bonds above described, which will become due and payable in the year 1924; the budget also contained an item of $40,305, the amount of interest upon said road bonds that will be due and payable in the year 1924. The Budget Committee also prepared and filed with the aforesaid budget, an estimate in detail of the probable re-

ceipts of the county during the ensuing fiscal year, and estimated the same at the total sum of $36,000, including an item of $24,000 which it was expected would accrue to the Motor License Fund of the county from motor license fees collected by the state.

The budget prepared by the County Court and the Advisory Budget Committee as above stated, when completed was submitted to the Tax Supervising and Conservation Commission of Yamhill County, appointed by the Governor pursuant to the provisions of Chapter 142, Laws of 1923. Thereafter on the tenth day of December, 1923, the aforesaid Tax Supervising and Conservation Commission struck from the budget so prepared and submitted as aforesaid, the special items of $32,000 and $40,305, and omitted the same from its order and levy of taxes for Yamhill County, and declined and refused to order or make a levy of taxes for raising the money necessary to pay the said items of indebtedness or any part thereof, but made an order directing the levying board of Yamhill County to levy a tax to meet the county expenditures for the year 1924, as estimated by the Tax Supervising and Conservation Commission, which order contained no provision for raising money to pay the items mentioned.

In the tax statement prepared by the Tax Supervising and Conservation Commission, on which its above-mentioned order was based, the commission included as assets certain items amounting to $71,305, which it deemed sufficient and available to meet the interest and principal accruing upon the 1919 and 1920 issues of county road bonds above mentioned.

The items above referred to were designated as follows: (1) County Motor License Fund, $24,000;

(2) Paid in interest on Road Redemption Fund, $34,443.18; and (3) Exempt Debt Levy, $15,801.82.

1. The first of said items was taken in account by the Budget Committee and its total estimate of needed revenue was reduced by the amount thereof. The second item constituted a balance remaining in the Bond Redemption Fund from taxes raised the preceding year. It had not been used for the purpose for which it was levied, for the reason that the treasurer of the county paid the interest which accrued upon outstanding road bonds during the year to the extent of that balance from the general fund; about the time the budget for the year 1924 was prepared, the County Court entered an order requiring the treasurer to transfer and return the money mentioned to the general fund, from which, in effect, it had been transferred, and accordingly the same was not available for the payment of principal or interest upon bonds during the year 1924, as the statute directs that it must be returned to the general fund from which it was transferred, when so ordered by the levying board: Section 10, Chapter 118, Laws 1921. As to the third item, no money or fund corresponding to that designation was on hand in the county treasury. The Tax Supervising and Conservation Commission arbitrarily adopted the designation "Exempt Debt Levy" to identify the amount of money which it deemed necessary to be raised by taxation to pay the interest and principal accruing upon bonds during the year 1924, erroneously assuming that the amount first above mentioned had not been taken into account by the Budget Committee, and that the second properly might be applied upon such principal and interest.

It appears from its return to the alternative writ, that it is the purpose of the County Court of Yamhill County to levy taxes in accordance with the estimates which are itemized and set forth in the budget prepared by the Budget Committee, unless it is prohibited from so doing by statute.

The County Court, in its said return, alleged in substance that the budget as prepared by the Budget Committee for the year 1924, and each of the items therein provided, is necessary in order to enable Yamhill County to properly take care of and meet the necessary and required obligations which will be incurred by the county during the fiscal year 1924; that the action of the Tax Supervising and Conservation Commission of Yamhill County, in eliminating and striking from the budget the items of $32,500 as a special fund for retiring outstanding road bonds and $40,305 as a special fund for paying accrued interest on all the outstanding road bonds of said county which shall mature during the year 1924, if permitted to stand will leave the county without funds with which to pay the said interest or to retire the bonds so maturing during the year and will involve the county with additional debts, making it impossible for the county to function within the funds provided and fixed by the said Tax Supervising and Conservation Commission.

The County Court was deterred from making a levy in accordance with the budget prepared as above stated, by the provisions of the statutes relating to Tax Supervising and Conservation Commissions, which expressly prohibit levying boards from making a levy of taxes contrary to the order of the Tax Supervising and Conservation Commission: Chapter 208, Laws 1921; Chapter 142, Laws 1923.

2. In an opinion handed down to-day (*State ex rel.*
v. *Hawks* (Or.), 222 Pac. 1071, we held that Chap-
ter 142, Laws of 1923, was void for want of a suffi-
cient title, as required by Section 20, Article IV,
of the Constitution. The Tax Supervising and Con-
servation Commission of Yamhill County was ap-
pointed, and the acts performed by it were done,
pursuant to the authority of that act. Owing to the
invalidity of the act, the commission appointed under
it was without authority, and its acts are null and
void. Chapter 142, Laws of 1923, purported to ex-
tend the provisions of Chapter 208, Laws of 1921,
to counties having a population of less than 100,000
—a result that could not be accomplished by a void
act, and therefore the inhibitions of Chapter 208,
Laws of 1921, do not apply to the County Court of
Yamhill County, and it has the right to make a legally
authorized levy of taxes, unaffected by the provisions
of that statute.

3. Whenever any county has theretofore issued and
sold bonds to raise money to be used for the con-
struction and maintenance of permanent roads, a
mandatory requirement is imposed by statute (§ 4638,
Or. L.), upon the County Court of every such county,
to provide and set aside each year a redemption fund
for the payment of such of the aforesaid bonds as
will mature during the year and also a sufficient
amount of money to pay the annual interest on out-
standing bonds; the statute further directs that the
amount necessary to provide such special funds shall
be added to the general levy of taxes as may be re-
quired, which tax shall be levied upon all the taxable
property of the county.

It was therefore the duty of all the taxing officers
of the county to co-operate in making a levy of taxes

which would be effective to provide money to pay the amount of principal and interest accruing upon bonds during the year 1924 as set forth in the budget under consideration.

That plaintiffs are entitled to a peremptory writ of *mandamus* as prayed for in their petition, follows from the foregoing discussion, and it becomes unnecessary to decide other questions raised in the briefs and presented in argument at the hearing of the cause.

On December 28, 1923, the decision of this case was given orally, and an order ·was made, directing that a peremptory writ of *mandamus* be issued as prayed for in plaintiff's petition. The foregoing opinion constitutes a written statement of the decision then made.                     WRIT ALLOWED.

BURNETT and HARRIS, JJ., not sitting.