Submitted on briefs July 15, reversed October 20, 1925.

# CITY OF ASTORIA *v.* T. S. CORNELIUS ET AL.

### (240 Pac. 233.)

Highways—Amendment to Road Tax Law That It Shall be and is Hereby Made Duty of Court to Levy Tax Makes the Levy of Such Tax Mandatory.

1. The levying of road tax, which was permissive under Laws of 1917, page 620, Section 24, providing that court may levy tax, is made mandatory by amendments of Laws of 1919, page 601 (§ 4600, Or. L.), and Laws of 1925, page 669, providing that it shall be and is hereby made the duty of court to levy tax.

Mandamus—Law Providing That City Shall be a Separate Road District Authorizes City to Bring Proceedings to Compel Levy of Road Tax.

2. Under Section 4586, Or. L., authorizing county courts to divide counties into road districts, and providing that every incorporated city shall be a separate road district, a city has authority to prosecute a proceeding to compel levy of road tax.

Highways—Levying of a Road Tax for Road District, Consisting of a Municipality, Made "County Business" by Statute.

3. Under Constitution, Article VII, Section 2 (b), giving legislature power to change jurisdiction of county courts, an act making a city a road district for which county courts must levy a tax, makes this "county business," which under Section 12 meant all business pertaining to county as a corporate entity which legislature could neither limit nor extend.

Counties—Legislature may Classify Counties According to Number of Inhabitants.

4. Legislature has power to provide for counties by classification according to number of inhabitants.

Highways—Road Tax Law Mandatory Both as to Collection and Disposition of Tax.

5. Act providing that county courts must levy tax for road districts, and turn 70 per cent of funds over to city officials to be expended by them, is mandatory both as to collection of tax and as to its disposition.

Statutes—Title of Act Held not to Make Act Void as Failing to Indicate Its Scope.

6. Title of act of 1919 (Laws of 1919, page 601, being § 4600, Or. L.), *held* not to render act void, by reason of its failure to indicate scope of amendment, under Constitution, Article IV, Section 20, providing that every act shall embrace one subject, which shall be embraced in the title.

Statutes—Amendment to Road Tax Law Held not to be Void, as Embracing More Than One Subject.

7. Laws of 1919, page 601 (§ 4600, Or. L.), amending Laws of 1917, page 620, Section 24, concerning improvements to streets of municipalities, is not void under Constitution, Article IV, Section 20, requiring every act to embrace but one subject, where main act concerned improvements to public roads, since the legislature has practically declared highways of a city to be public roads.

Constitutional Law—Every Presumption Indulged in in Favor of Validity of Statute.

8. Every presumption will be indulged in to hold a statute valid, and it is only where act is clearly repugnant to Constitution that it will be held void by courts, especially where act has been enforced for several years.

Counties—Statute, Expressly Providing for Expenditure of Funds for Streets of Municipality, Precludes a Contrary Contention.

9. A statute, expressly providing for expenditures of funds on county roads and improvement of streets within municipality, pre-

4. See 7 R. C. L. 933.
6. See 25 R. C. L. 868.
8. See 6 R. C. L. 75.

cludes contention that there was no intention to provide revenue to maintain city streets.

**Highways—Provision for Expenditure of Road Funds for Municipalities Held Sufficient and Legal.**

10. A statute providing that 70 per cent of road funds shall be used on highways in various road districts, part of which district is composed of municipalities, is just and legal.

See (1) 29 **C. J.**, p. 732 (Anno.). (2) 38 **C. J.**, p. 836. (3) 15 **C. J.**, p. 672 (Anno.), p. 863, 29 **C. J.**, p. 732 (Anno.). (4) 12 **C. J.**, pp. 416, 1134. (5) 29 **C. J.**, pp. 737, 739. (6) 36 **Cyc.**, pp. 1031, 1038. (7) 36 **Cyc.**, pp. 1022 (Anno.), 1027. (8) 12 **C. J.**, pp. 794, 795, 798. (9) 29 **C. J.**, p. 739. (10) 29 **C. J.**, p. 739.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

This is a *mandamus* proceeding brought to compel the County Court of Clatsop County to levy the tax provided for in Chapter 339 of General Laws of Oregon for 1919, being Section 4600, Or. L. The defendants demurred to the writ on the ground of insufficiency of statement of facts. The Circuit Court sustained the demurrer. The plaintiff refused to plead over and the court dismissed the case. The plaintiff appeals.                    REVERSED.

For appellant there was a brief and oral argument by *Mr. H. K. Zimmerman*, City Attorney.

For respondent there was a brief and oral argument by *Mr. F. P. Leinenweber*, District Attorney.

BEAN, J.—The substance of the allegations of the writ is as follows: The plaintiff is a municipal corporation of Clatsop County. The defendant, T. S. Cornelius, is a duly elected and qualified county judge of Clatsop County and defendant, John Frye, is the duly elected qualified and acting county commissioner of said county of Clatsop, State of Oregon.

The writ sets forth Section 4600, Or. L., in full. That part deemed material to quote here, is as follows:

"It shall be, and is hereby made, the duty of the (county) court or commissioner's court of each county in this state to levy a tax of not less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund, to be used in establishing, laying out, opening, surveying, altering, improving, constructing, maintaining and repairing county roads, and bridges on county roads * * except this provision shall not apply in counties having a population of over twenty-five thousand (25,000) according to the United States census of the year 1910; * * that counties having a population of more than twenty-five thousand may levy a tax of not more than ten mills on the dollar on all taxable property in such county for a general road fund as in this act provided. Said tax shall be paid in money, and levied and collected in the same manner as other county taxes are levied and collected and when so collected shall be used for road purposes only, as provided in this act, and seventy per cent thereof shall be apportioned to the several road districts, including districts composed of incorporated cities and towns in such proportion as the amount of taxable property in each district shall bear to the whole amount of taxable property in the county, and the remaining thirty per cent shall be applied to roads in such locality in the county as the county court or commissioner's court may direct; provided, that the amount apportioned to any incorporated city or town shall be transferred to such incorporated city or town to be expended under the management of the officials of such incorporated city or town for the improvement and repair of county roads and for the repair and maintenance of improved streets within the boundaries of such city or town."

The county of Clatsop is a county having a population of less than 25,000 persons according to the United States census of 1910; that defendants are regularly required and obligated by said law to levy a tax of not less than one mill and not more than ten mills on the dollar on all taxable property in said county to be used as a general road fund; that the petitioner being an incorporated city in said county is entitled to have at least 70 per cent of the money collected as such tax apportioned and delivered to petitioner to be expended under its management for the improvement and repair of county roads and for the improvement of streets within the boundaries of the city; that the petitioner has made demand upon defendants in the capacity of such County Court of Clatsop County to levy said tax as by law required; that defendants have failed, neglected and refused to levy the tax and have not included the same in the tax budget for the county of Clatsop, State of Oregon, for the year 1923 and still refuse so to do.

1. In so far as the levying of the road tax in question is concerned, the act of the legislature of 1919, being Section 4600, Or. L., is a plain concise mandate or direction of the lawmakers of this state, to the County Courts, named in the act, to levy a tax of not less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy. As we view it, that part of the statute requires no construction, but simply that it be read and obeyed by the county courts named.

An interesting brief discussing the matter of construction of statutes has been filed on behalf of the plaintiff. We have not been favored with any brief in behalf of the defendants and the record does not

clearly indicate upon what point, or for what particular reason, the County Court failed to levy the tax, or why it was not required to do so by the trial court. If there is any question in regard to the statute being mandatory the language, "It shall be and is hereby made the duty of the county court to levy a tax," and so forth, then it seems that the intention of the legislature to make this requirement mandatory and not merely permissive, is freed from doubt by the fact that the statute quoted is an amendment of a previous statute relating to the levying of the tax.

Turning to the General Laws of Oregon, 1903, page 272, and the General Laws of 1909, page 296 (L. O. L., § 6320), General Laws of 1915, page 133, and General Laws of 1917, page 620, we find the provision in the several statutes, "that the county court, or commissioner's court, * * may levy a tax, etc."

In 1919, by the statute above quoted in part, the legislature changed the language of the statute pertaining to the levy of road tax and in 1925 that branch of our state government re-enacted the law (Gen. Laws of Oregon 1925, page 669) so as to read in effect as follows: "it shall be, and is hereby made, the duty of the (county) court or commissioner's court, of each county in this state to levy a tax, etc." The only conceivable object of the legislature in making such change was to make the provision mandatory. Prior to such change the requirement of the statute for levying such tax was construed to be permissive, or discretionary with the County Court: *Kime* v. *Thompson,* 60 Or. 183 (118 Pac. 174).

Section 4600, Or. L., directs that when the tax is collected it should be used for road purposes only as provided in the act, "and seventy per cent shall be apportioned to the several road districts, including

districts composed of incorporated cities and towns in such proportion as amount of taxable property in each district shall bear to the whole amount of taxable property in the county, and the remaining thirty per cent shall be applied to roads in such locality in the county as the county court or commissioner's court may direct.''

The writ petitioned for by plaintiff does not seek the command to the County Court to turn over the proceeds of the tax to the city of Astoria, and it may be that the question is not directly involved. Formerly the legislature as a general rule constituted that part of the county outside the limits of incorporated cities and towns as tax districts for the purpose of providing funds for the improvement of the rural highways, and exempted most of the municipalities from such tax: *Johnson* v. *Jackson County,* 68 Or. 432, 435 (136 Pac. 874).

2. In 1917 the legislature enacted what is now Section 4586, Or. L., authorizing the County Courts of such counties to annually divide their respective counties or any part thereof into road districts. That act contained the following:

''provided, that all road districts formed under the provisions of this act shall be formed from contiguous territory; provided further, that every incorporated city and town shall constitute a separate road district, and the county court shall not have authority to divide such territory or include any of it in any other road district.''

Therefore, the area within limits of the City of Astoria is a road district. The city is interested in the levying of the tax in question and in the expenditure of the funds realized therefrom and, as alleged in the writ, is entitled to have at least 70 per cent of the money collected by such tax under the manage-

ment of the officials of the city for the improvement and repair of county roads and for the repair and maintenance of improved streets within the boundaries of the city. The right of the city to prosecute this proceeding is not questioned.

It was suggested in the brief of appellant, at a time when it was expected that a brief would be filed in behalf of the respondents, that the only effect which the provisions of the statute regarding the use of money raised by the tax in question could have upon the determination of whether or not the writ states a valid cause of action, would be to determine the right of the plaintiff city to maintain this proceeding. The streets and county roads within the limits of the City of Astoria are public highways. It is the purpose of the law to make provision for the construction and maintenance thereof by the levying of a tax practically upon the property within the city limits. This levy is made through the instrumentality of the County Court, in much the same manner as the County Courts levy a tax for school and irrigation districts. The provision for turning the funds over to the municipal authorities is merely for an equitable distribution of the proceeds of the tax among the several road districts. The members of the County Court of Clatsop County are not here complaining that the jurisdiction of that court is encroached upon.

3. In a measure the expenditure of the funds upon the highways of the municipalities might be claimed to be county business. In a strict sense it is not such business. Formerly the rule was that the words "county business," as used in Section 12, Article VII of the Constitution, as it existed prior to the amendment of 1910, meant all the business pertaining to the

county as a corporate entity and the legislature could neither limit or extend the operation of the Constitution: *Russell* v. *Crook County Court,* 75 Or. 168 (145 Pac. 653, 146 Pac. 806, 807). Section 1a of Article VII of the Constitution provides in part that: "The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law." Section 2(b) of Article VII of the Constitution, which is a part of the amendment of that organic law of 1910, ordains in part as follows: "The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law." Our Constitution plainly ordains that the lawmakers of the state may change the jurisdiction of the County Courts, or may abolish such courts, so that there is no reason for complaint of a slight modification of the law for the expenditure of road funds within a road district composed of the area of a municipality. In other words, since the amendment of the Constitution in 1910, the jurisdiction of the County Courts is not invulnerable to change by the lawmakers of the state.

4. There is no room for questioning the power of the legislature to make provisions for counties having a certain number of inhabitants slightly different from the requirements in other counties having a larger or smaller population. This is clear from the many rulings in regard to statutes relating to municipalities having more than a certain number of inhabitants; so that this point, if it should be raised, requires no further consideration.

5. It would not be in harmony with the intention of the legislature to hold that the requirement of the statute for levying the tax mentioned was mandatory,

and that the provision for turning the funds over to the city to be expended under the management of the municipal officials was discretionary, for the reason that if in the wisdom of a County Court, it should be deemed better after the tax is levied and collected, to dispense with the turning over to the city of 70 per cent of the funds realized thereby, then the act of the legislature of 1917 and the re-enactment referred to in 1925 would be futile.

6, 7. Since writing the above a delayed brief has been filed on behalf of defendants in which it is stated, among other things, that—"The failure to indicate the scope of the amendment in the title of the act renders it void," referring to the Constitution, Article IV, Section 20, and citing: *First Nat. Bank of McMinnville* v. *County Court of Yamhill County,* 110 Or. 74 (222 Pac. 1077); *State* v. *Hawks,* 110 Or. 497 (222 Pac. 1071); *Peterson* v. *Lewis,* 78 Or. 641, 654 (154 Pac. 101); *Equitable Guarantee & Trust Co.* v. *Donahoe,* 3 Penne. (Del.) 191, 49 Atl. 372, 373.

Section 20, Article IV, of the Constitution, provides:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be embraced in the title. But if any subject shall be embraced in an act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

It is contended by counsel for respondents, that the act in question is void, for the reason that it embraces a subject entirely different and distinct from the subject matter of the main act; that while the original act provided for a means of raising revenue for the purpose of providing for public highways, the amendatory act provides for the means of raising

119 Or.—18

revenue, in part, for the purpose of the maintenance of public streets, within a municipality.

8. It is a well-established rule that every presumption will be indulged in to hold a statute valid. It is only where an act is purely repugnant to the Constitution that it will be held void by the courts. This is particularly true where the act has been enforced for several years and acted upon by the officials of the state and by the people as valid. The title of the act of 1919, of which Section 4600, Or. L., is a part, is as follows:

"An Act to amend section 24 of chapter 299 of the general laws of Oregon for 1917, approved by the governor February 20, 1917, and filed in the office of the secretary of state February 20, 1917."

As we have already noticed, Section 24 of the Act of 1917, makes the same provision in regard to the inclusion of districts comprised of incorporated cities and towns as does the Act of 1919, which is Section 4600, Or. L. It is also noticed that Section 10 of the Act of 1917 makes the provision which we have quoted above, declaring that incorporated cities and towns shall constitute a separate road district. We fail to find anything in the act of 1919 in question that is not germane to the subject embraced in the title of the act. The same might be said of the title to the act of 1917, of which the law of 1919 is amendatory. That title reads in part, as follows: "An Act to provide for surveying, opening, constructing, improving, reconstructing, repairing and maintaining public roads, and repealing sections," etc.

The legislature of the state having practically declared the highways of a city to be public roads, it cannot be conceived how the "improving and repairing of county roads, and for the repair and mainte-

nance of improved streets within the boundaries of such city or town," which is constituted a road district, is not directly connected with the subject matter of constructing and improving public roads.

Were anything further necessary for an understanding by the lawmakers of what the act of 1919 embraced, the whole of the act of 1917 might be treated and considered as the title of the 1919 act. *Pacific Elev. Co.* v. *Portland*, 65 Or. 349, 385 (133 Pac. 72, 46 L. R. A. (N. S.) 363).

There was nothing misleading in the act proposed for legislation, referred to, as containing matters which were not germane to the subject of the act as expressed in the title. There could have been no confusion in the minds of the lawmakers, or danger for smuggling into the act matters which were not properly connected therewith, so as to render it repugnant to Section 20, Article IV of the Constitution.

9. It is urged by defendant that it was not intended by the legislature to provide revenue for the construction and maintenance of streets within the limits of municipalities. The plain import of the statute providing for the expenditure of the funds upon county roads and improved streets within the boundaries of the municipalities, precludes such contention. See *Union Fish. Co-op. Co.* v. *Shoemaker*, 98 Or. 659 (193 Pac. 476, 480, 194 Pac. 854); *Superior Oil Syndicate* v. *Handley*, 99 Or. 147, 157 (195 Pac. 159).

It is a matter of common knowledge that many of the streets in the cities and towns of this state are a part of our state highways. Can it be said that the matters relating to the construction or maintenance of one class (streets) are not "properly connected" with the regulations and provisions for the other class (county roads)? We think not. On the other

hand, these matters are so intimately connected that provisions for raising money for one, may very appropriately include such arrangements for the other.

We need not stop to consider the technical difference between a city street and roads or highways. Suffice it to determine what was intended by the legislature by the language it employed in the act in question. The statute had theretofore declared municipal corporations to be road districts. It is apparent that in Section 4600, Or. L., the lawmakers viewed roads and streets within the limits of a city as in the same category as county roads, whether strictly so or not. Counsel points out that there is a marked distinction between the meaning of the words "streets" and "highways" or "county roads." Very well, the framers of the act embracing Section 4600, Or. L., used both terms and clearly manifested the intent that the funds mentioned shall be used in the betterment of both such highways under the management of the city officials. The brief of defendants, in criticism of the statute, states: "It will also be noted that there is no direct provision made for the expenditure of the moneys apportioned to road districts other than incorporated cities and towns," etc.

10. Undoubtedly there will be no difficulty in the expenditure of the funds in road districts other than municipalities in the regular and customary way. We do not know that the authority of the County Court to direct such application of the money in rural road districts is questioned. The statute merely provides that 70 per cent of the funds shall be used upon the highways in the territory embraced within the road districts in the class of counties, a part of which districts is composed of municipalities, or

where the property that is taxed for that purpose is located, a provision which is just and legal.

The judgment of the Circuit Court is reversed. The demurrer to the writ is overruled. Since this proceeding was commenced the time for levying the tax for the years 1923 and 1924 has passed, therefore it is not possible to grant that portion of the prayer of the petition pertaining to those years.

The writ will be allowed commanding the defendants as the County Court of Clatsop County, or Commissioner's Court of the county of Clatsop, State of Oregon, to levy a tax for the year 1925, and annually each year thereafter, of not less than one mill, nor more than ten mills on the dollar on all taxable property in the county of Clatsop, State of Oregon, at the time they make the annual levy for the year 1925 and for each year thereafter, which said tax shall be set apart in the county treasury as a general road fund to be expended in the manner provided for by Chapter 339, General Laws of the State of Oregon for the year 1919, being Section 4600 et seq., Or. L.

REVERSED.