Submitted on record and briefs August 19, 1982, writ of review sustained; trial court order reversed; order of hearings officer vacated November 9, 1983, reconsideration allowed; former opinion adhered to March 7 (67 Or App 315, 677 P2d 713), reconsideration denied April 27, petitions for review allowed May 8, 1984 (297 Or 124) See 298 Or 183, 691 P2d 94 (1984)

CAFFEY,
*Appellant,*

*v.*

LANE COUNTY et al,
*Respondents.*

(16-81-08893; CA A23661)

671 P2d 727

Michael Caffey, Eugene, filed the briefs pro se for appellant.

John Hoag, Assistant County Counsel, Eugene, filed the brief for respondents.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed a brief amicus curiae for Attorney General.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff appeals from the circuit court's affirmance on writ of review of the decision by a Lane County infractions hearings officer, which fined him $100 per dog and ordered the destruction of his two dogs for allegedly attacking a sheep.

ORS 34.040(1) provides that a writ of review should be allowed when the court or tribunal has exceeded its jurisdiction. Pursuant to this provision, we must first determine whether the Lane County Infractions Section exceeded its jurisdiction in hearing civil cases in which the county is seeking civil redress of violations of county ordinances. We hold that the Infractions Section did exceed its jurisdiction. Accordingly, we are unable to reach the other alleged procedural errors or the accuracy of the allegations about the dogs.

The Lane County Code defines in detail the procedure for cases before the Infractions Section. The process is initiated when the county sends a summons and complaint to a person alleging that he or she has committed an infraction. If the person does not file an answer to the summons and complaint, a decision is automatically made against the person. If an answer is filed admitting the infraction, it must be accompanied by a check for the amount of the forfeiture on the infraction. If an answer is filed denying the infraction, $15 "security" must be paid to guarantee that the person will appear at the hearing. The hearing is held before a hearings officer, who is appointed by the director. The accused is entitled to have counsel at the hearing if he wishes. The burden of proof is on the county. At the hearing, evidence is presented. The hearings officer has the authority to administer oaths, take testimony of witnesses and issue subpenas, either by the county or by the accused. Witnesses are entitled to the same fees and mileage as in civil cases in district court. The accused person has the right to cross-examine witnesses and to submit rebuttal evidence. The hearings officer is required to make a determination whether the infraction occurred. If he determines that it did not occur, he dismisses the complaint. If he determines that it has occurred, he is required to make necessary findings of fact to establish the infraction, and he could, under the rules in effect at that time,

levy a "forfeiture," which could not exceed $100 for each infraction.[1]

In arguing that the Infractions Section has the authority to hear civil cases regarding violations of county ordinances, Lane County relies on Article VI, section 10, of the Oregon Constitution, which provides for county home rule.[2] We need not decide if, as a general rule, Lane County is correct as to the powers of home rule counties because, regardless of any such general rule, Lane County does not have such judicial authority. In 1945, before the enactment of Article VI, section 10, or any legislation regarding home rule for counties, the legislature expressly transferred

"[a]ll judicial jurisdiction, authority, powers, functions and duties of the county courts [of Lane County] and the judges thereof, except the jurisdiction exercisable in the transaction of county business * * * to the circuit courts and the judges thereof." ORS 3.130.[3]

The legislature has periodically amended this statute to widen its application to additional counties. However, since 1945, including the time when the home rule constitutional amendment and statutes were adopted and Lane County adopted its charter, the statute has continued to apply to Lane County.

Under the unequivocal language of ORS 3.130, Lane County has retained only the judicial authority "exercisable in the transaction of county business." The "transaction of county business" is a term that has been used in Oregon courts and statutes for at least 90 years. Through numerous cases, the term has consistently been interpreted to refer to "all the business pertaining to the county as a corporate entity." *Rosboro Lumber Co. v. Heine,* 289 Or 909, 920, 618 P2d 960

---

[1] We note that the infractions officer exceeded even the authority given in the Lane County Code by ordering both forfeiture of the dogs (to which no value was assigned) and a fine of $100 per dog.

[2] Lane County adopted a charter on January 3, 1963.

[3] Until a constitutional amendment was adopted in 1961, the legislature could not expressly name counties in legislation but was required to list them by general descriptions. ORS 3.130 was amended in 1945 to include a description which the legislative history indicates applies only to Lane County. Due to changes in population, this description had been changed periodically by legislation. In 1965, after home rule had been established in Lane County by charter, ORS 3.130 was amended to list Lane County and others by name.

(1980); *City of Astoria v. Cornelius, et al.,* 119 Or 264, 240 P 233 (1925); *Russell v. Crook County Court,* 75 Or 168, 177, 145 P 653, 146 P 806 (1915). While there may be debate as to exactly what constitutes a county's business as a corporate entity, it is at least certain that it does not include the power to supersede the authority of the circuit or district court by creating special courts to enforce ordinances against owning dogs which are accused of attacking sheep within the boundaries of the county.

The action taken by the Lane County Infractions Section in enforcing the ordinance through forfeiture and fine is clearly beyond the jurisdiction of any entity which Lane County can create under ORS 3.130.

Writ of review sustained; trial court order on writ of review reversed; order of Lane County hearings officer on summonses No. 609 and No. 610 vacated.