On respondents' reconsideration filed December 9, 1983, reconsideration allowed; former opinion filed November 9 (65 Or App 471, 671 P2d 727) adhered to March 7, reconsideration denied April 27, petitions for review allowed May 8, 1984 (297 Or 124) See 298 Or 183, 691 P2d 94 (1984)

CAFFEY,
*Appellant,*

*v.*

LANE COUNTY et al,
*Respondents.*

(16-81-08893; CA A23661)

677 P2d 315

John Hoag, Assistant County Counsel, Eugene, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In *Caffey v. Lane County,* 65 Or App 470, 671 P2d 727 (1983), we held that ORS 3.130, which removed state adjudicative functions from county courts, prohibits Lane County from creating an infractions section to enforce violations of county ordinances through forfeiture and fine. Respondents now petition this court for reconsideration, contending that ORS 3.130 does not strip the county courts of this jurisdiction. They rely on ORS 203.810,[1] which they say "specifically authorizes counties to establish an inferior court with jurisdiction over county offenses." Although that statute was not cited in either party's brief to this court, we did consider it. We did not mention it in the opinion, because we believed it to be irrelevant to the outcome of the case. However, because of the strong assertion now being advanced by respondents, we grant their petition for reconsideration for the limited purpose of discussing this statute.

■    Initially, we must address respondents' reference to the legislative history of ORS 3.130. They argue that the history shows that the "public focus was to remove *state* judicial functions from the county courts" (emphasis supplied), which supports their notion that counties retain judicial authority to hear *county* offenses. However, we are satisfied that a resolution of this case does not require us, or

---

[1] ORS 203.810 provides:

"(1)  As used in this section:

"(a)  'County law' means a county charter adopted pursuant to ORS 203.710 to 203.770 and legislation passed by a charter county or any ordinance enacted by a general law county.

"(b)  'County offense' means any crime or offense defined or made punishable by county law.

"(2)  Except as may be provided otherwise by county law:

"(a)  The justice courts, district court, if any, and circuit court for a county have jurisdiction of county offenses to the same extent as such courts have jurisdiction of crimes or offenses defined or made punishable by state law, as determined by the maximum punishment which may be imposed therefor.

"(b)  The district attorney shall prosecute county offenses unless the county governing body elects to have the prosecution of such offenses conducted by a county counsel appointed pursuant to ORS 203.145.

"(c)  The practice and procedure as to the prosecution, trial and punishment of county offenses shall be the same as in the case of similar crimes or offenses defined or made punishable by state law."

allow us, to go on a hunt for legislative history. We may not ignore the plain meaning of unambiguous words of a statute. *Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979). The wording of ORS 3.130 is absolutely clear. It expressly transfers all judicial jurisdiction, authority, powers, functions and duties of the county courts and the judges thereof, except the jurisdiction exercisable in the transaction of county business, to the circuit courts and the judges thereof. The only limitation of ORS 3.130 is that it is only applicable to certain specified counties, one of which is Lane County.

■     Respondents' primary argument is that ORS 203.810, which provides generally that counties have the judicial authority to hear county offenses, controls over the more specific provisions of ORS 3.130. It may be true that, standing alone, ORS 203.810 would justify a county having judical authority to hear county offenses. However, it is a well-settled rule of statutory construction that

"* * * a specific or special act controls over a general act. This is the rule even if, as here, the general act was enacted later. * * * Absent a plain indication of intent to repeal the special act, the special act will continue to have effect and the general act will be modified by construction so the two can stand together; one as the general law of the state and the other as the law of the particular case or as an exception to the general rule. * * *" *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510 (1976). (Citations omitted.)

■■     Further, whenever possible, a court should construe statutes on the same subject as consistent with and in harmony with each other. *Davis v. Wasco IED, supra,* 286 Or at 272. If these two rules of statutory construction are applied to the case-at-bar, the result is clear. ORS 203.810 is a general statute, which gives certain powers to all counties. ORS 3.130 is a specific statute which takes back some of this power, *i.e.,* judicial jurisdiction, authority, powers, functions and duties of the county courts and the judges thereof from certain counties, including Lane County, and places them in the circuit court. If ORS 3.130 and ORS 203.810 are construed together, and the more specific statute is allowed to control, it is clear that, although some counties may retain judicial authority over infractions, that power has been expressly removed from Lane County and the other counties specified in ORS 3.130.

Petition for reconsideration allowed; former opinion adhered to.