Argued and submitted June 5, reversed and remanded November 20, 1984

CAFFEY,
*Respondent on Review,*

*v.*

LANE COUNTY et al,
*Petitioners on Review.*

(TC 16-81-08893; CA A23661; SC S30264, S30608)

691 P2d 94

John Hoag, Assistant County Counsel, Lane County, argued the cause for petitioners on review. With him on the briefs was Cynthia L. Phillips, Assistant County Counsel, Lane County.

Douglas M. DuPriest, Eugene, argued the cause for respondent on review. With him on the brief was Stephen A. Hutchinson and Hutchinson, Harrell, Cox, Teising & Anderson.

Jon B. Leahy, Multnomah County Counsel, and Michael E. Judd, Assistant Clackamas County Counsel, filed a brief Amicus Curiae for Association of Oregon Counties.

LINDE, J.

## LINDE, J.

Petitioner Lane County sought review of a decision of the Court of Appeals that the county cannot enforce its dog control ordinance by means of an adjudication of infractions by a county hearing officer. The Court of Appeals held that such adjudicatory authority was reserved by statute to the state courts. *Caffey v. Lane County*, 65 Or App 470, 671 P2d 727 (1983), 67 Or App 315, 677 P2d 713 (1984). The court therefore did not reach the issues raised by respondent's appeal. Having allowed review because of the importance of the court's holding to the enforcement of county ordinances, we reverse the decision of the Court of Appeals and remand the case to that court for consideration of those other issues.

The Court of Appeals summarized Lane County's procedure for adjudicating infractions of county ordinances as follows:

"The Lane County Code defines in detail the procedure for cases before the Infractions Section. The process is initiated when the county sends a summons and complaint to a person alleging that he or she has committed an infraction. If the person does not file an answer to the summons and complaint, a decision is automatically made against the person. If an answer is filed admitting the infraction, it must be accompanied by a check for the amount of the forfeiture on the infraction. If an answer is filed denying the infraction, $15 'security' must be paid to guarantee that the person will appear at the hearing. The hearing is held before a hearings officer, who is appointed by the director. The accused is entitled to have counsel at the hearing if he wishes. The burden of proof is on the county. At the hearing, evidence is presented. The hearings officer has the authority to administer oaths, take testimony of witnesses and issue subpoenas, either by the county or by the accused. Witnesses are entitled to the same fees and mileage as in civil cases in district court. The accused person has the right to cross-examine witnesses and to submit rebuttal evidence. The hearings officer is required to make a determination whether the infraction occurred. If he determines that it did not occur, he dismisses the complaint. If he determines that it has occurred, he is required to make necessary findings of fact to establish the infraction, and he could, under the rules in effect at that time, levy a 'forfeiture,' which could not exceed $100 for each infraction."

65 Or App at 472-73, 671 P2d at 728.[1]

The hearing of the charges against respondent Michael Caffey resulted in an order levying a fine of $100 for each of two dogs who were found to have attacked a sheep and destruction of the dogs. Caffey sought review of this order by means of a writ of review in the Circuit Court for Lane County, which affirmed the hearing officer's order.

Caffey's appeal did not question the authority of the county's Infractions Section. The Court of Appeals, however, decided to examine whether the Infractions Section "exceeded its jurisdiction in hearing civil cases in which the county is seeking civil redress of violations of county ordinances." 65 Or App at 472, 671 P2d at 728. The court concluded that the Infractions Section exceeded its jurisdiction because the county lacked judicial authority in such cases by virtue of ORS 3.130.

ORS 3.130 provides for counties covered by that statute, including Lane County:

"(1) All judicial jurisdiction, authority, powers, functions and duties of the county courts and the judges thereof, except the jurisdiction, authority, powers, functions and duties exercisable in the transaction of county business, are transferred to the circuit courts and the judges thereof.

"* * * * *"

The Court of Appeals held that "[u]nder the unequivocal language of ORS 3.130, Lane County has retained only the judicial authority 'exercisable in the transaction of county business' " and that the transaction of county business did not include the enforcement of county ordinances regulating private ownership of dogs. *Caffey v. Lane County,* 65 Or App at 473-74, 671 P2d at 729.

In its petition for review, which is first a petition for reconsideration by the Court of Appeals, ORAP 10.10, Lane County objected to the court's invocation of ORS 3.130 on the ground that the governing statute is ORS 203.810, which deals with jurisdiction over offenses made punishable by county law. Upon reconsideration the Court of Appeals rejected that

---

[1] The Lane County ordinance actually employs the title "hearing officer" rather than the term "heraings officer" used in the courts below.

argument, applying a "rule of statutory construction" under which a specific or special act (ORS 3.130) controls a general act (ORS 203.810). *Caffey v. Lane County,* 67 Or App at 318, 677 P2d at 715. This court has cautioned against invoking "rules" or "maxims" of statutory construction as a substitute for discerning a particular legislative scheme. *See, e.g., Whipple v. Howser,* 291 Or 475, 481-83, 632 P2d 782, 784-86 (1981). In this case, examination of the statutes indicates that the county's position is correct.

ORS 3.130 is the current version of a statute whose earliest predecessor was enacted in 1913. Its purpose was and is to transfer to the circuit courts the jurisdiction under state law that previously was exercised by the county judge or the county court, first with respect to Multnomah County[2] and in successive versions with respect to other counties. The jurisdiction so transferred included probate jurisdiction and jurisdiction in juvenile cases, as well as jurisdiction in actions at law for amounts less than $500 and in forcible entry and detainer actions. Lord's Oregon Laws §§ 935, 936, 2153, 2171.[3] ORS 3.130 and its predecessors from the beginning excluded cases arising "in the transaction of county business." These statutes, however, were not concerned with general jurisdiction over the enforcement of county ordinances regulating private conduct, because the counties exercised no autonomous authority to enact regulatory ordinances apart from specific authority under state statutes. *See Carriker v. Lake County,* 89 Or 240, 171 P 407 (1918).

The counties acquired autonomous authority with the enactment of constitutional county home rule in 1958, Or Const, Art VI, § 10, and the subsequent statutory extension to all counties of similar authority over "matters of county concern," ORS 203.035. In 1961, the legislature addressed the

---

[2] Or Laws 1913, ch 378,§ 4:

"[A]ll judicial jurisdiction, power and authority of the county judge and of the county court of said Multnomah County, as distinguished from such power and jurisdiction as is exercised in the transaction of county business, shall * * * be vested in and exercised by the circuit court * * *."

[3] Article VII, section 12 of the Oregon Constitution conferred on county courts, in addition to probate and civil jurisdiction, "such criminal jurisdiction not extending to death or imprisonment in the penitentiary, as may be prescribed by law." With the amendment of Article VII in 1911, the jurisdiction of county courts became statutory. Article VII (Amended), section 2.

resulting question how ordinances exercising a county's law-making authority were to be enforced. The legislature did so by adding a section to a bill creating new judgeships and making other provisions governing the state judiciary. Or Laws 1961, ch 724. This was section 33 of chapter 724, which became ORS 203.810.

ORS 203.810 provides:

"(a) 'County law' means a county charter adopted pursuant to ORS 203.710 to 203.770 and legislation passed by a charter county or any ordinance enacted by a general law county.

"(b) 'County offense' means any crime or offense defined or made punishable by county law.

"(2) Except as may be provided otherwise by county law:

"(a) The justice courts, district court, if any, and circuit court for a county have jurisdiction of county offenses to the same extent as such courts have jurisdiction of crimes or offenses defined or made punishable by state law, as determined by the maximum punishment which may be imposed therefor.

"(b) The district attorney shall prosecute county offenses unless the county governing body elects to have the prosecution of such offenses conducted by a county counsel appointed pursuant to ORS 203.145.

"(c) The practice and procedure as to the prosecution, trial and punishment of county offenses shall be the same as in the case of similar crimes or offenses defined or made punishable by state law."

The section provides that offenses under "county law" adopted by a home rule county can be prosecuted in a state court, including a justice court or district court as well as a circuit court, by the county's district attorney and by procedures applicable to analogous state offenses, unless the county otherwise provides by county law. The statute plainly leaves a home rule county like Lane County free to provide a different forum for adjudicating violations of county laws if it so chooses. We see nothing to suggest that when referring to "offenses" as well as "crimes" under county law, the legislature did not mean to include "infractions" penalized by fines or loss of property.

The addition of section 33 to Oregon Laws 1961,

chapter 724 was not inconsistent with ORS 3.130. Significantly, ORS 3.130 itself was one of the statutes amended by the 1961 act.[4] Section 4 of chapter 724 amended the definition of those counties in which the judicial authority of county courts was transferred to the circuit courts by adding to ORS 3.130 a new subsection (1)(e): "In any county for which a county charter providing for such transfer is adopted under ORS 203.710 to 203.790." Again, the obvious purpose is to make it possible for a county, in adopting a charter, to rid itself of the old judicial jurisdiction of its county court on its own motion, without having to obtain special legislation for the purpose.

There is additional reason for this conclusion that ORS 203.810, not ORS 3.130, governs enforcement of county laws regulating private conduct, as distinct from the jurisdiction of county courts under state laws or over the "transaction of county business." ORS 3.130, as interpreted by the Court of Appeals, would transfer the pettiest violations of county laws into the circuit courts. ORS 203.810, by contrast, places these violations into a justice court, district court, or circuit court by analogy to "similar crimes or offenses" under state law, unless the county has provided another forum. Plainly, this 1961 statute represents the legislature's solution to the question of enforcing the counties' newly acquired regulatory authority; ORS 3.130 was merely the vehicle for deciding which county courts should perform some judicial functions and in which counties this jurisdiction should be transferred to the circuit court long before the question of enforcing such autonomous county laws arose.

For these reasons, Lane County's allocation of authority to its Infractions Section did not contravene ORS 3.130, as the Court of Appeals held. Because the court's invocation of that section diverted it from the issues presented by the appellant, the case must be remanded to the Court of Appeals for consideration of those issues.

---

[4] Or Laws 1961, ch 724, originated as SB 489, which contained 28 sections. Five more were added at the recommendation of the House Judiciary Committee; these included the amendment to ORS 3.130, and the provision that was to become ORS 203.810. The two provisions were thus proposed as complementary, not inconsistent, laws. Letter from Clarke C. Brown, Legal Counsel to the House Judiciary Committee, to Senate Judiciary Committee, May 5, 1961.

Reversed and remanded to the Court of Appeals.