Submitted on remand from Oregon Supreme Court (298 Or 183, 691 P2d 94)
November 20, 1984, affirmed September 25, 1985

CAFFEY,
*Appellant,*

*v.*

LANE COUNTY et al,
*Respondents.*

(16-81-08893; CA A23661)

706 P2d 590

Michael Caffey, Eugene, appeared *pro se* for appellant.

John Hoag, Assistant County Counsel, Eugene, appeared for respondents.

Richard D. Wasserman, Assistant Attorney General, Salem, appeared for *amicus curiae* Attorney General. With

him were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

John B. Leahy, Multnomah County Counsel, Portland, appeared for amicus curiae Association of Oregon Counties. With him was Michael E. Judd, Assistant Clackamas County Counsel, Oregon City.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Plaintiff appeals a circuit court order, issued on a writ of review, which affirmed the decision of a Lane County hearings officer involving plaintiff's two dogs, Ginger and Mo, who allegedly had attacked a sheep in violation of a Lane County ordinance. We affirm.

On September 14, 1981, at about 5:00 a.m., Mrs. Belisle found two dogs attacking her ewe in her barn. Subsequently, plaintiff's dogs were impounded for violation of Lane Code § 5.255(1):

> "Any dog which chases, kills, wounds or injures livestock not belonging to its owner while off the premises owned or under the control of its owner may be killed immediately by any person or impounded at any time by the Dog Control Authority."

A hearing was held, and the hearings officer, sitting in a special Lane County infractions court, concluded that plaintiff's dogs were the ones that had attacked Mrs. Belisle's sheep. He issued an order levying a fine of $100 per dog and requiring that both dogs be destroyed. Plaintiff sought a writ of review in the Lane County Circuit Court, which was issued. The court reviewed the hearing record, heard arguments and affirmed the order. Plaintiff appealed, raising seven assignments of error. We concluded that Lane County lacked authority to create a special "court" to deal with infractions and, accordingly, vacated the hearings officer's order. *Caffey v. Lane County,* 65 Or App 470, 671 P2d 727, *adhered to* 67 Or App 315, 677 P2d 713 (1984). The Supreme Court disagreed with our analysis and reversed and remanded the case to us to consider the merits. *Caffey v. Lane County,* 298 Or 183, 691 P2d 94 (1984).

We review on a writ of review in the same "manner and with like effect as we review a circuit court in an action." ORS 34.100. Pursuant to ORS 34.020 and 34.040, the circuit court was to review the actions of the infractions court to determine whether the lower tribunal:

"(1)   Exceeded its jurisdiction;

"(2)   Failed to follow the procedure applicable to the matter before it;

"(3)    Made a finding or order not supported by substantial evidence in the whole record;

"(4)    Improperly construed the applicable law; or

"(5)    Rendered a decision that is unconstitutional." ORS 34.040.

Had it discovered an error, the court had the power to reverse, annul or modify the decision. ORS 34.100. In reviewing the circuit court order, we must necessarily review the record of the infractions court.

■        Plaintiff raises a number of arguments, but the crux of his appeal is that the decision of the hearings officer is not supported by substantial evidence. Substantial evidence for the purposes of ORS 34.040(3) means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Menges v. Bd. of Comm.*, 290 Or 251, 621 P2d 562 (1980).

■        Mrs. Belisle testified that she got a good look, in a well-lighted barn, at the dogs that were attacking her sheep. She followed them out of the barn for a short distance before returning to check the sheep and get her truck. Once out on the road, she spotted the dogs again and followed them until they disappeared into some trees near plaintiff's house. Later that day, she went to plaintiff's house with a dog control officer and identified the dogs as the ones in her barn. The hearings officer expressly found her credible.

There is contrary evidence, including testimony that the dogs were locked inside plaintiff's house on the morning in question until well after the incident occurred. In addition, a veterinarian who had examined the dogs on the day of the attack testified that he found no evidence that the dogs had been molesting livestock and that, in the absence of such evidence, it was highly unlikely that the dogs could have done so. Nonetheless, even taking the contrary evidence into account, we find that there is substantial evidence in this case to support the decision of the hearings officer. He alone had the opportunity to see and hear the witnesses in person. He found Mrs. Belisle credible. He was entitled to believe her and not the others. Although we might have reached a different result had we been in the hearings officer's place, that is not a sufficient reason to reverse. As the trial judge said:

"* * * It would be tempting to find some way to have this case reach the result that I think it ought to reach, but I don't think I can discharge my duties and do that * * *."

Affirmed.[1]

---

[1] Plaintiff raises a number of other arguments alleging various errors by the trial court and the hearings officer. We have considered them and find them unpersuasive.