794 May 29, 2025 No. 478

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Evan GUILFOY,
*Petitioner-Appellant,*

*v.*

MARION COUNTY DOG SERVICES,
and Marion County,
a political subdivision of the State of Oregon,
*Defendants-Respondents*.

Marion County Circuit Court
22CV33670; A180869

J. Channing Bennett, Judge.

Submitted August 7, 2024.

James P. Francis, Kevin T. Lafky and Lafky & Lafky filed the briefs for appellant.

Cody W. Walterman filed the brief for respondents.

Before Shorr, Presiding Judge, Pagán, Judge, and O'Connor, Judge.*

PAGÁN, J.

Affirmed.

_____
* O'Connor, Judge *vice* Mooney, Senior Judge.

**PAGÁN, J.**

In August 2022, petitioner's dog Chef twice escaped from his yard and bit members of the public. Petitioner appeals from a circuit court decision upholding a county hearing officer's decision that ordered that his rights to Chef be terminated and that Chef be euthanized as a result of those bites. Petitioner assigns error to five rulings. In each assignment, he asserts that the circuit court erred by concluding that various aspects of the administrative decision were supported by substantial evidence and substantial reason. In his first assignment of error, he challenges the affirmance of a determination that Chef acted as a potentially dangerous dog on August 25. In his second assignment of error, he challenges the affirmance of a determination that Chef acted as a dangerous dog on August 28. In his third assignment of error, he asserts that the hearing officer failed to consider a necessary factor when deciding whether to order euthanasia. In his fourth assignment of error, he challenges the affirmance of the decision to euthanize. In his fifth assignment of error, he asserts that the hearing denied him his constitutional right to due process. As we explain, we affirm.

We first address an issue of mootness raised by the county. We then turn to the second assignment of error and conclude that the circuit court did not err by affirming the hearing officer's determination that Chef had acted as a dangerous dog. In the third assignment of error, we conclude that the circuit court did not err because petitioner failed to present any evidence to carry his burden. In the fourth assignment of error, we conclude that the circuit court did not err in concluding that the hearing officer's decision was supported by substantial evidence. We then turn to constitutional arguments raised in the fifth and second assignments of error. Our resolution of the other errors obviates our need to address the first assignment of error because the finding that Chef was a dangerous dog and thus subject to euthanasia did not depend on whether Chef had acted as a potentially dangerous dog on an earlier occasion.

## I.   BACKGROUND

Because a full recitation of the facts would not benefit the parties, the bar, or the bench, we recount only those

facts necessary to give context to our ruling. Petitioner is the owner of a Rottweiler named Chef. In 2022, Chef escaped from petitioner's yard once on August 25, and once on August 28. During both escapes, Chef bit members of the public. In the August 28 incident, Chef first bit W, and then bit Officer Metcalf of the Salem Police, crushing a bone in her hand and requiring two surgeries.

Petitioner was cited with two civil infractions (a separate case number for each incident) under the Marion County Code (MCC) chapter 6.05, the "dog control ordinance." MCC 6.05.010. Respondent Marion County (the county), through the Marion County Dog Services, ordered petitioner's rights to Chef be terminated, and that Chef be euthanized, after a hearing held before a county hearing officer. Petitioner filed a writ of review in the circuit court under ORS 34.010. The circuit court affirmed.

## II.   ANALYSIS

### A.  *Mootness*

As a preliminary matter, the county argues that the first and second assignments of error are moot because petitioner subsequently pleaded guilty to a violation of ORS 609.098, maintaining a dangerous dog. Although framed by the county as a question of mootness, the argument made in support is more of an issue preclusion argument than a mootness argument. Regardless, neither of those theories affects our ability to address those two assignments of error.

"If it becomes clear in the course of a judicial proceeding that resolving the merits of a claim will have no practical effect on the rights of the parties, [we] will dismiss the claim as moot." *Corey v. DLCD*, 344 Or 457, 464, 184 P3d 1109 (2008). We reject the argument that pleading guilty in another case makes this appeal moot. The county has failed to explain how this particular case is no longer active or how this opinion would not affect petitioner's rights.

Regarding issue preclusion, the county has failed to meet its burden. There are five elements to issue preclusion, and the county bears the burden on three of those elements. *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 104, 862

P2d 1293 (1993) (listing five elements of issue preclusion); *Thomas v. U.S. Bank National Association*, 244 Or App 457, 469, 260 P3d 711, *rev den*, 351 Or 401 (2011) (discussing burden of proof). The county has put forward no argument as to any of the five elements, and therefore the issue is neither moot nor precluded, and we proceed to the merits.

B.   *Standard of Review*

A decision made by a hearing officer is subject to review in circuit court via a writ of review. ORS 34.020. The circuit court may affirm, modify, reverse, or annul the hearing officer's decision, and the circuit court's judgment may be appealed like any other. ORS 34.100. As relevant here, the writ of review shall be allowed where the hearing officer:

> "(b)   Failed to follow the procedure applicable to the matter before it;

> "(c)   Made a finding or order not supported by substantial evidence in the whole record;

> "(d)   Improperly construed the applicable law; or

> "(e)   Rendered a decision that is unconstitutional."

ORS 34.040(1). "We review the trial court's affirmance of the county's order for errors of law; that is, we ask whether the trial court correctly applied " ORS 34.040(1). *Salosha, Inc. v. Lane County*, 201 Or App 138, 142, 117 P3d 1047 (2005); *see Jimenez/Carlson v. Multnomah County*, 296 Or App 370, 438 P3d 403 (2019) (applying same standard in dog case).

Substantial evidence under ORS 30.040(1)(c) "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Caffey v. Lane County*, 75 Or App 399, 402, 706 P2d 590 (1985);[1] *see also Baker v. City of Woodburn*, 190 Or App 445, 456, 79 P3d 901 (2003), *rev den*, 336 Or 615 (2004) ("The question raised by the appeal is, whether in light of the record *** a reasonable person could make those findings."). A review for substantial evidence inherently includes review for substantial reason. *Salosha, Inc.*, 201 Or App at 143. Substantial reason

---

[1] *Caffey* refers to ORS 34.040(3), which is the same as the current ORS 34.040(1)(c), as the result of renumbering in Oregon Laws 1995, chapter 79, section 12.

exists when a decision maker can "demonstrate in its order a rational relationship between the facts and the legal conclusions upon which it acts in each case." *Id.* at 144.

### C.  *Finding that Chef is a Dangerous Dog*

In his second assignment of error, petitioner asserts that the circuit court erred in affirming the hearing officer's finding that Chef was a dangerous dog by holding that the underlying order was based upon substantial evidence and reason. A dog may be classified as dangerous if it has previously acted as a potentially dangerous dog (such as by causing an injury or menacing a person) and causes injury. MCC 6.05.030; MCC 6.05.050. Alternatively, a dog may be classified as dangerous even if it has not previously acted dangerously if it, "[w]ithout provocation and in an aggressive manner inflicts serious physical injury on a person or kills a person." MCC 6.05.030.

Petitioner argues that each of the victims provoked Chef by grabbing Chef's collar, and thus as a matter of law there could not have been substantial evidence or reason to support a finding that Chef acted aggressively or without provocation. A presumption exists that "[w]hen a dog chases, threatens, or injures a person or domestic animal, the action is unprovoked." MCC 6.05.180(B). "'Provocation' includes but is not limited to wrongfully assaulting a dog or its keeper or trespassing upon premises belonging to the dog's keeper." MCC 6.05.030. We reject the contention that grabbing a dog's collar, as a matter of law, constituted a provocative act under MCC 6.05.180(B). There are numerous innocuous circumstances where such conduct, on its own, would not be provocative. We have reviewed the record and conclude that a reasonable person could have determined that the victims did not provoke Chef, even if not all reasonable persons might come to that conclusion. The circuit court did not err by affirming the hearing officer's determination that Chef had acted as a dangerous dog.

### D.  *Euthanasia Decision: Possible Transfer of Ownership*

In his third assignment of error, petitioner asserts that the circuit court erred in affirming the euthanasia decision because the hearing officer failed to properly consider

one of the nine factors used in making euthanasia decisions, namely, "[t]he effect a transfer of ownership would have on ensuring the health and safety of the public." Petitioner argues that the hearing officer failed to consider whether petitioner had friends or family who might be able to take Chef, and instead just wrote "not applicable" for that factor. However, petitioner had the burden to rebut the presumption that "a dangerous dog cannot be safely kept and should be euthanized." MCC 6.05.180(C). Because petitioner failed to present any evidence or argument that an alternative home would be appropriate for Chef, we reject petitioner's third assignment of error.

E.  *Euthanasia Decision: Substantial Evidence*

In his fourth assignment of error, petitioner asserts that the circuit court erred in affirming the hearing officer's order to euthanize Chef because it was not supported by substantial evidence. To that end, petitioner argues the facts of each of the nine factors used in making euthanasia decisions and discusses the weighting of the evidence. But it is not the job of the circuit court, nor our job, to reweigh the evidence. *Baker*, 190 Or App at 455. The hearing officer addressed each of the nine factors in her written decision, and what evidence applied to each. A reasonable person could have reached the decision the hearing officer did based on the evidence provided, even if not all persons would have come to that conclusion. The circuit court did not err by concluding that the hearing officer's euthanasia order was supported by substantial evidence.

F.  *Constitutional Arguments*

In his fifth assignment of error, petitioner asserts that the combined hearing—such that both the August 25 and August 28 incidents were heard at the same time—denied him his constitutional right to due process. Petitioner argues that the determination about the August 25 incident (concluding that Chef was a potentially dangerous dog) was used as a prerequisite for the determination that Chef was a dangerous dog, which was improper because the cases were treated as sequential even though they were decided simultaneously. Even assuming, without concluding, that

that process did violate petitioner's constitutional rights, the hearing officer provided a sufficient alternative basis for the decision: that Chef had aggressively and without provocation caused serious physical injury to Metcalf in the August 28 incident. MCC 6.05.030. Thus, whether petitioner's due process rights were violated by adjudicating the two infractions simultaneously does not ultimately affect the outcome, and the circuit court did not err by affirming the hearing officer's conclusion that Chef was a dangerous dog.

We also address a due process argument raised in petitioner's second assignment of error. Petitioner notes that in the hearing officer's report on the August 28 incident, the hearing officer did not mention the testimony of petitioner's friend, who had been watching Chef. Petitioner argues that this gap indicates that the hearing officer failed to appropriately memorialize the testimony and violated petitioner's due process rights. But the hearing officer memorialized the friend's testimony in the hearing report on the August 25 incident, which was part of the "record as a whole" before the circuit court, and which we have reviewed. *Baker*, 190 Or App at 456.

G.   *First Assignment of Error*

Finally, in his first assignment of error, petitioner asserts that the circuit court erred in affirming the hearing officer's finding that Chef had acted as a potentially dangerous dog on August 25. But, as stated above, our resolution of the second assignment of error obviates any need to address the first error. Because the injury of Metcalf is an independently sufficient basis to find that Chef was a dangerous dog, we need not reach the hearing officer's decision regarding the August 25 incident.

Affirmed.